IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Kim Marie Sherwood,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Mark Rollins, individually and in his official capacity as Chairman of the Board of Trustees of Spartanburg County School District One; Mark S. Smith, individually and in his official capacity as Superintendent of Spartanburg County School District One; and Spartanburg County School District One,<br><br>　　　　Defendants. | C.A. No. 7:24-cv-3257-TMC |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS MARK ROLLINS AND MARK S. SMITH

Defendants Mark Rollins (hereinafter "Rollins") and Mark S. Smith (hereinafter "Smith"), by and through their undersigned counsel, submit this Memorandum of Law in Support of their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I.     INTRODUCTION

Plaintiff brought this lawsuit alleging causes of action for: (1) Violation of First Amendment to U.S. Constitution: Prior Restraint; Content Discrimination; Denial of Rights under Petition Clause – 42 U.S.C. § 1983; (2) Violation of the Equal Protection Clause of the Fourteenth Amendment: Denial of the Right to Engage in the Political Process on Equal Terms – 42 U.S.C. § 1983; (3) Violation of the Due Process Clause of the Fourteenth Amendment: Lack of Procedural Due Process – 42 U.S.C. § 1983; (4) Retaliation for Exercising Rights Guaranteed by the First Amendment – 42 U.S.C. § 1983; (5) Violations of the South Carolina Constitution – S.C. Const., Art. I, §§'s 2 and 3 [sic]; (6) Violation of S.C. F.O.I.A., S.C. Code Ann. §§ 30-4-60 and 70; (7)

Violation of S.C. F.O.I.A., S.C. Code Ann. §§ 30-4-30; and (8) Declaratory Judgment Relief – 28 U.S.C. §§ 2201-02; Violation of F.O.I.A., S.C. Code Ann. § 30-4-10 et seq).[1] Defendants Rollins and Smith were served on or about June 19, 2024. As discussed more fully below, the Complaint fails to state facts sufficient to constitute a cause of action, and Defendants Rollins and Smith are not proper parties to the action pursuant S.C. Code Ann. § 15-78-70.

## II.   STATEMENT OF FACTS

Defendant Spartanburg School District One (hereinafter the "District") is a public school district organized under the laws of the State of South Carolina as a political subdivision of the State of South Carolina as defined under S.C. Code Ann. § 15-78-10, *et seq*. Thereunder, the District is afforded various protections pursuant to the South Carolina Tort Claims Act ("SCTCA"). At the time this action commenced, and at all times material to Plaintiff's allegations, Rollins served as the Chairman of the Board of Trustees for the District; Smith served as the Superintendent for the District.

Plaintiff resides in an unincorporated area of Greenville County and has lived in upstate South Carolina since 2019 as a property owning and property tax paying senior citizen; her residence is within the geographical confines of the District. (Complaint ¶ 20). Since moving to the upstate of South Carolina in 2019, Plaintiff has "advocated for access to public information, including financial information and usage of tax dollars, as well as overall transparency in the use of public funding." (Complaint ¶ 23). Plaintiff regularly attends public meetings and orchestrates a Facebook page, Greater Landrum Observer, where she posts public meeting agendas, notices, and recordings for various subdivisions, including city council, town council, school board(s), and

---

[1] These same causes of action are also pled against Defendant Spartanburg County School District One.

fire district(s). (Complaint ¶¶ 24-25). In 2021, Plaintiff filed a Freedom of Information Act ("FOIA") lawsuit against the City of Landrum. (Complaint ¶ 26).

On December 11, 2023, Plaintiff attended a District Audit Committee meeting, and after the meeting, Plaintiff was speaking to the District's outside auditor, Mr. Darver ("Darver"). (Complaint ¶¶ 38-39). While speaking to the auditor, a newly elected board member, Barbara Hopper (hereinafter "Hopper"), approached and attempted to introduce herself to the outside auditor. (Complaint ¶ 41). In response, Plaintiff assaulted the board member by striking the board member's arm with her hand. [Dkt. 1-1, Campobello Police Department Incident Report]. Notably, Darver witnessed the assault. (Complaint ¶ 42).

On December 13, 2023, the District issued Plaintiff a Trespass Notice to *indefinitely* ban Plaintiff from all District property. (Complaint ¶ 32; *see also* Dkt. 1-2, Trespass Notice). As advised,

> [the] action was necessitated by [Plaintiff's] assault and battery of a member of the District One Board of Trustees which occurred immediately after the Board Audit Committee meeting (and immediately prior to the Board meeting) at the District One administrative offices on December 11, 2023. The attack resulted in physical injury to the Board member. The incident was witnessed by the school district's independent auditor, who reported it to the Superintendent the same evening, and the incident was reported by the Board member to law enforcement.

[Dkt. 1-2].

On February 20, 2024, a warrant was issued for Plaintiff's arrest, charging her with Assault in the Third Degree under S.C. Code Ann. § 16-3-600(E)(1) related to the event that occurred on December 11, 2023, and the District later, on March 15, 2024, also issued a "cease and desist" letter to Plaintiff. (Complaint ¶¶ 50-51; *see also* Dkt. 1-4, Cease and Desist).[2]

---

[2] In between these events, Plaintiff sent the District a FOIA request on March 11, 2024. (Complaint ¶ 67).

3

On March 20, 2024, while Plaintiff was attending a public meeting in Landrum, South Carolina, Campobello Police Chief McNeill entered the meeting, asked Plaintiff to step outside, placed her under arrest, and transported her to Spartanburg County jail for processing. (Complaint ¶ 53). The charges against Plaintiff remain pending.[3] (Complaint ¶¶ 55-58).

This lawsuit followed.

### III.    LEGAL STANDARD

When a complaint "fail[s] to state a claim upon which relief can be granted," it must be dismissed. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the Court must "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor" when reviewing a motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Furthermore, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955.

### IV.    ARGUMENT

**A. Defendants Rollins and Smith are not proper parties to Plaintiff's first, second, third, and fourth cause of action.**

Defendants Rollins and Smith should be dismissed from Plaintiff's first four (4) causes of

---

[3] Plaintiff included several factual allegations as to the processing and handling of her criminal charges. (Complaint ¶¶ 59-64). To be clear, the Defendants in this action have no bearing to the prosecution of those charges and such allegations are immaterial to the instant action.

action because they are not proper parties thereto. Although Plaintiff's caption identifies both Rollins and Smith "individually and in his official capacity," the factual pleadings of the Complaint assert that both Rollins and Smith are "sued here in his official capacity, and as a policymaker for the [District]." (Complaint ¶¶ 6-7).

A legal action under § 1983 allows a party who has been deprived of a federal right under the color of state law to seek relief. *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 709 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or the laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

In *Del Monte*, the United States Supreme Court affirmed that "there can be no doubt that claims brought pursuant to § 1983 sound in tort." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 709 (1999). Indeed, "[j]ust as common-law tort actions redress for interference with protected personal or property interests, § 1983 provides relief for invasions of rights protected under federal law." *Id.*; *see also Heck v. Humphrey*, 512 U.S. 477, 483, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994) *(quoting Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305, 91 L. Ed. 2d 249, 106 S. Ct. 2537 (1986)), *Monroe v. Pape*, 365 U.S. 167, 187, 5 L. Ed. 2d 492, 81 S. Ct. 473 (1961) *(*overruled on other grounds, *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)).

Because the District is a governmental entity within the provisions of the SCTCA, it is entitled to all the protections provided by the SCTCA. S.C. Code Ann. § 15-78-10 *et seq*. The SCTCA governs all tort claims against governmental entities and is the exclusive remedy available in an action against a governmental entity or its employees. *Murphy v. Richland Mem'l Hosp.*, 317

S.C. 560, 455 S.E.2d 688 (1995). Moreover, Plaintiff's recovery as to all claims is limited pursuant to the liability limits set forth in S.C. Code Ann. §§ 15-78-120 and 15-78-30(g), and Plaintiff's attempts to plead otherwise are patently erroneous. (Complaint ¶ 76).

To that end, S.C. Code Ann. § 15-78-70 is specifically titled, "Liability for act of government employee; requirement that agency or political subdivision be named party defendant; effect of judgment or settlement." In pertinent part, the statute provides:

> (a) This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b).
>
> (b) Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.
>
> (c) Prior to January 1, 1989, a person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually, unless the agency or political subdivision for which the employee was acting cannot be determined at the time the action is instituted. In the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as the party defendant. The provisions of this section may in no way limit or modify the liability of a licensed physician or dentist, acting within the scope of his profession.
>
> On or after January 1, 1989, a person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually, unless the agency or political subdivision for which the employee was acting cannot be determined at the time the action is instituted. In the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as the party

> defendant. The provisions of this section in no way shall limit or modify the liability of a licensed physician or dentist, acting within the scope of his profession, with respect to any action or claim brought hereunder which involved services for which the physician or dentist was paid, should have been paid, or expected to be paid at the time of the rendering of the services from any source other than the salary appropriated by the governmental entity or fees received from any practice plan authorized by the employer whether or not the practice plan is incorporated and registered with the Secretary of State.

S.C. Code Ann. § 15-78-70. The statute is dispositive here.

As pled in the Complaint, both Rollins and Smith are being sued in their official capacities. *Supra*. Accordingly, only their employer, the District, which Plaintiff was easily able and did identify, is a properly named party. *Flateau v. Harrelson*, 355 S.C. 197, 584 S.E.2d 413 (S.C. Ct. App. 2003) (trial court did not err in dismissing member of the South Carolina Commission for the Blind's governing board because the SCTCA provided the exclusive remedy); *Tanyel v. Osborne*, 312 S.C. 473, 441 S.E.2d 329 (S.C. Ct. App. 1994). Like in *Flateau*, at no point does Plaintiff allege Rollins and Smith were acting outside the scope of their official duties and thus outside the scope of the SCTCA. *Flateau*, 355 S.C. at 204. Moreover, local governing bodies, in this instance the District, are "persons" for the purposes of § 1983. *Monnell v. Dep't of Soc. Sevs.*, 436 U.S. 658 (1978).

**B. Rollins and Smith are not proper parties to Plaintiff's State Constitution claim.**

Much like Plaintiff's § 1983 claims, Rollins and Smith are not proper parties to Plaintiff's fifth cause of action for purported violation of the South Carolina Constitution. In brief, Defendants Rollins and Smith, who are individual citizens, cannot be held liable under a private right of action pursuant to the South Carolina Constitution. Indeed, Article I, § 2, specifically addresses that "[t]he General Assembly shall make no law." Similarly, Article I, § 3 provides no private right of action against an individual – whether in his individual or official capacity.

7

A review of case law in South Carolina does not reveal support that individuals – whether in the official or individual capacity – can be held liable for alleged violations of the South Carolina Constitution. While the Plaintiff *may* be able to plead a cause of action against the governmental subdivision under the S.C. Constitution, there is no mechanism to bring such a claim against an individual.

### C. Rollins and Smith are not a "Public Body" under FOIA.

In a similar theme, Plaintiff's attempt to name Rollins and Smith as Defendants in her sixth through eighth causes of action is misguided. Rollins and Smith are not a "Public Body" for purposes of the FOIA and are therefore not proper parties to Plaintiff's relevant claims.

FOIA is codified at S.C. Code Ann. § 30-4-10, *et seq*. In pertinent part, FOIA provides that "[a] person has a right to inspect, copy, or receive electronic transmission of any public record of a public body. . . ." S.C. Code Ann. § 30-4-30(A)(1). "Public Body" is defined as:

> [A]ny department of the State, a majority of directors or their representatives of departments within the executive branch of state government as outlined in Section 1-30-10, any state board, commission, agency, and authority, any public or governmental body or political subdivision of the State, including counties, municipalities, townships, school districts, and special purpose districts, or any organization, corporation, or agency supported in whole or in part by public funds or expending public funds, including committees, subcommittees, advisory committees, and the like of any such body by whatever name known, and includes any quasi-governmental body of the State and its political subdivisions, including, without limitation, bodies such as the South Carolina Public Service Authority and the South Carolina State Ports Authority. Committees of health care facilities, which are subject to this chapter, for medical staff disciplinary proceedings, quality assurance, peer review, including the medical staff credentialing process, specific medical case review, and self-evaluation, are not public bodies for the purpose of this chapter.

S.C. Code Ann. § 30-4-20(a). Stated differently, to the extent Plaintiff sought to submit a FOIA request, even if it was pertaining to records maintained, prepared, or otherwise in the possession

of Roberts or Smith, that request would be submitted to the "Public Body" for which they were employed or otherwise conducting business on behalf of – the District. Thus, any violation of FOIA would be against that "Public Body" and not the individual themselves.

Even *assuming arguendo* that the FOIA claims were proper against Rollins and Smith, which they are not, S.C. Code Ann. § 30-4-100(A) of FOIA requires that when a plaintiff seeks a declaratory judgment or injunctive relief, the chief administrative judge of the circuit in which the action was filed "**must** schedule an initial hearing within ten days of the service on all parties." (**emphasis added**). The statute continues to state that if the matter is not resolved at the initial hearing by the court hearing the matter, the court "**shall** establish a scheduling order to conclude actions brought pursuant to this section within six months of initial filing." (**emphasis added**). In this case, there was no hearing held within ten (10) days nor was the matter concluded within six (6) months of the initial filing. Rather, the request for declaratory judgment/injunctive relief was filed on May 30, 2024. Defendants were ostensibly served on June 19, 2024. *Supra*. Thus, an initial hearing was required to have been scheduled by July 1, 2024, at Plaintiff's request.[4] An initial hearing was never scheduled or held within the ten-day timeframe after service.

Our courts consistently have ruled that a plaintiff has the burden of prosecuting his action, and, that when the plaintiff fails to meet that burden, the case may be dismissed. *Don Shevey & Spires, Inc. v. Am. Motors Realty Corp.*, 279 S.C. 58, 301 S.E.2d 757 (1983); *Small v. Mungo* 254 S.C. 438, 175 S.E.2d 802 (1970); *Joyner v. Glimcher Props.,* 356 S.C. 460, 589 S.E.2d 762 (Ct. App. 2002). A defendant has no burden to move a case along; that burden belongs solely to the plaintiff. *Thomas & Howard Company v. Fowler,* 238 S.C. 46, 119 S.E.2d 97 (1961); *Shevey,* 301 S.E.2d at 759.

---

[4] June 29 was a Saturday.

The case of *Joyner v. Glimcher Props*, 589 S.E.2d 762, squarely addresses the question of the appropriateness of a dismissal where a court has not done what it is obligated to do under the applicable law and the plaintiff has not contacted the court or sought a mandamus. In *Joyner*, the plaintiff was injured when a tree limb in a commercial parking lot fell and destroyed his vehicle. Plaintiff sued the owner of the parking lot and the landscaping company in magistrate's court and was awarded $2,500 by a jury. Thereafter, the parking lot owner appealed to circuit court. The magistrate did not file a return with the circuit court as required by Rule 75, SCRCP, and the parking lot owner did not contact the magistrate's court or file a writ of mandamus. The circuit court subsequently dismissed the appeal, finding that the parking lot owner failed to prosecute his appeal.

In the instant matter, neither Plaintiff nor her counsel contacted the Chief Administrative Judge or the Clerk of Court following the filing of the Complaint.

In *Paul Roy Osmundson v. School District 5 of Lexington and Richland Counties*, former Circuit Court Judge Allison Lee ruled on this very issue and ordered dismissal of plaintiff's request for relief under FOIA for an alleged violation by that school district. Specifically, Judge Lee opined:

> After reading all the documents and motions, Defendant's Motion to Dismiss is dispositive according to S.C. Code Ann. § 30-4-100(A). According to Section 30-4-100(A) a hearing must be held within ten days of the service on all parties and a scheduling order to conclude the action must be held within six months. In this current matter, no hearing was held within the allotted timeframe. Therefore, the Motion to Dismiss is dispositive and the court need not determine the merits of the Summary Judgment claims.

<u>Exhibit A</u>, Order of Judge Lee dated October 19, 2022.[5]

---

[5] The complaint in *Osmundson* included a threadbare request for a hearing within ten (10) days.

10

Similarly, in *Legion Collegiate Academy v. Erskine College et al*, Circuit Court Judge Lawton McIntosh also ruled on this issue and ordered dismissal of plaintiff's FOIA action. Judge McIntosh opined:

> In this case, there was no hearing held within ten days, the matter was not concluded within six months of the initial filing, and Plaintiff failed to request a hearing to prosecute the claim. Plaintiff's argument to the contrary that it requested a prayer for relief is not convincing and does not alleviate Plaintiff of its burden under the statute to request a hearing in a timely fashion. Therefore, Defendants' motion to dismiss is granted based on Plaintiff's failure to prosecute the alleged violation of the FOIA.

Exhibit B, Order of Judge McIntosh dated July 20, 2023, pp. 8-9.

## V.     CONCLUSION

For the reasons set forth above, Defendants Mark Rollins and Mark S. Smith respectfully request that this Court grant their 12(b)(6), FRCP, Motion to Dismiss Plaintiff's Complaint *with prejudice*. Defendants Rollins and Smith further request an award of attorney's fees and costs incurred as a result of the filing of this motion and for any other relief this Court deems just and proper.

*Respectfully submitted:*

By: *s/Ryan K. Hicks*
Ashley C. Story (SC Bar No. 11505)
Ryan K. Hicks (SC Bar No. 11657)
WHITE & STORY, LLC
3614 Landmark Drive, Suite EF
P.O. Box 7036 (29202)
Columbia, SC 29204
T:  803.814.0993
F:  803. 814.1183
astory@sodacitylaw.com
rhicks@sodacitylaw.com

**Attorneys for Defendants Mark Rollins and Mark S. Smith**

July 10, 2024
Columbia, South Carolina

11