# EXHIBIT B

# ORDER OF JUDGE McINTOSH DATED JULY 20, 2023

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| ) | |
| ) | |
| Legion Collegiate Academy, ) | C.A. No. 2022-CP-40-03170 |
| ) | |
| Plaintiff, ) | **ORDER DENYING IN PART AND** |
| ) | **GRANTING IN PART DEFENDANTS'** |
| vs. ) | **MOTION TO DISMISS AND GRANTING** |
| ) | **DEFENDANTS' MOTION TO STRIKE** |
| Erskine College, The Charter Institute at ) | |
| Erskine, and Cameron Runyan ) | |
| ) | |
| Defendants. ) | |

THIS MATTER comes before the Court upon Motion by Defendants Erskine College ("Erskine College"), the Charter Institute at Erskine ("the Institute"), and Cameron Runyan ("Runyan") (collectively "Defendants"), by and through their attorneys, seeking dismissal of all claims against them pursuant to Rules 12(b)(1), 12(b)(2)[1], and 12(b)(6) of the South Carolina Rules of Civil Procedure ("SCRCP"). Defendants also moved to strike all punitive damages pursuant to 12(f) of the SCRCP. The Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. The Motion to Strike is **GRANTED.**

### FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2022, Legion Collegiate Academy ("Plaintiff") initiated this action by filing a summons and complaint ("Complaint") in the court of Common Pleas in Richland County, South Carolina. At the time this action commenced and at all times material to Plaintiff's allegations, Plaintiff is a public charter school that applied to the Institute for a charter under the South Carolina Charter Schools Act ("the Charter Schools Act"), S.C. Code Ann. § 59-40-10. The Institute is

---

[1] Although Defendants initially cited Rule 12(b)(2), SCRCP, lack of personal jurisdiction, in their Motion to Dismiss as a basis for dismissal, Defendants relinquished this argument. To the extent this argument needs to be addressed, the Court finds it has personal jurisdiction over the Defendants because each is at home within South Carolina.

recognized and approved by the South Carolina Department of Education ("SCDE") to be an independent institution of higher learning ("IHL") sponsor of charter schools as provided in the Charter Schools Act. S.C. Code Ann. § 59-40-40(4). The Institute sponsors twenty-four (24) charter schools with approximately 24,000 students across the state. Runyan is the Chief Executive Officer and Superintendent of the Institute.

The general responsibilities of the Institute as Plaintiff's sponsor are set out in the Charter Schools Act, Section 59-40-55, and include the following: (1) adopting national industry standards of quality charter schools; (2) negotiating and executing sound contracts with each approved charter school; (3) monitoring the performance and legal and fiscal compliance of charter schools; (4) conducting oversight activities; (5) taking appropriate corrective actions; and (6) determining whether each charter school merits renewal, nonrenewal, or revocation. The Institute, in complying with the duties statutorily assigned to charter school sponsors under the Charter Schools Act, took action to comply with these responsibilities. Specifically concerning Plaintiff, Runyan attended a Board meeting; requested an audit; sent a letter about a potential Conflict of Interest to Plaintiff's Board; placed the Plaintiff under fiscal watch to conduct better oversight of Plaintiff; instituted a Corrective Action Plan ("CAP"); among other actions to comply with the Charter Schools Act. After the Institute placed Plaintiff on fiscal watch, the relationship between the parties deteriorated, and ultimately, Plaintiff brought this action.

Defendants filed Motions to Dismiss and Strike with the Court. On February 8, 2023, Defendants submitted a memorandum of law in support of their motions, and counsel for Plaintiff submitted a memorandum in opposition. Following notice to the parties, a hearing was held on February 15, 2023, via WebEx, during which counsel for all parties presented oral arguments. After considering the written submissions of the parties and the arguments of counsel, Defendants'

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170

Motion to Dismiss is **DENIED IN PART AND GRANTED IN PART** and Defendants' Motion to Strike is **GRANTED** for the reasons set forth below.

## STANDARD OF REVIEW

"Subject matter jurisdiction refers to the court's 'power to hear and determine cases of the general class to which the proceedings in question belong.'" *Simmons v. Simmons*, 370 S.C. 109, 113, 634 S.E.2d 1, 3 (Ct. App. 2006) (quoting *Watson v. Watson*, 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995)). The proper procedure for raising lack of jurisdiction is to file a motion to dismiss. *Ballenger v. Bowen*, 313 S.C. 476, 478 n.2, 443 S.E.2d 379, 380 n.2 (1994). "The question of subject matter jurisdiction is a question of law for the court." *Capital City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009) (quoting *Chew v. Newsome Chevrolet, Inc.*, 315 S.C. 102, 104, 431 S.E.2d 631, 631 (Ct. App. 1993)).

A motion to dismiss must be denied if the facts and inferences alleged in the complaint would entitle plaintiff to relief on any theory. *Brazell v. Windsor*, 384 S.C. 512, 515, 682 S.E.2d 824, 826 (2009). In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint." *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) (citation omitted). "The question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* at 395, 645 S.E.2d at 247–48 (quoting *Gentry v. Yonce*, 337 S.C. 1, 5, 522 S.E.2d 137, 139 (1999)).

Rule 12(f) motion allows a court, acting either on its own or on a motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." SCRCP 12(f). The decision to grant a Rule 12(f) motion is within the discretion of the judge. *See Briggs v. Richardson*, 273 S.C. 376, 380, 256 S.E.2d 544, 546 (1979). The SCRCP specifically

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170

requires that the motion point out the defects in the pleading. A motion to strike matter from an answer will not be granted "unless the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Brock v. Bowman*, 2013 WL 5569995, at *8 (D.S.C. Oct. 9, 2013).

## DISCUSSION

Plaintiff alleges six causes of action: (1) Violation of the S.C. Freedom of Information Act ("FOIA") (Plaintiff seeks a Declaratory Judgment and Injunctive Relief against Erskine College and the Institute); (2) Defamation (against all Defendants); (3) Negligent, Grossly Negligent, and Reckless Supervision (against Erskine College and the Institute); (4) Negligence, Gross Negligence, Willful, Wanton, and Recklessness (against Erskine College and the Institute); (5) Violation of Due Process under South Carolina Law, including Article I, § 22 of the Constitution of South Carolina (against Erskine College and the Institute); and (6) Breach of Contract (against Erskine College and the Institute).

Defendants assert in their Motion to Dismiss that this action should be dismissed because (1) this Court does not have subject matter jurisdiction over Plaintiff's claims; (2) the South Carolina Tort Claims Act ("SCTCA") and the S.C. Charter Schools Act ("Charter Schools Act") provides immunity for Defendants; (3) Erskine College should be dismissed from the action because it delegated its administrative duties as a charter school sponsor to the Institute; (4) Plaintiff failed to prosecute the alleged FOIA violations in accordance with state law; (5) Plaintiff's causes of actions for defamation, negligence, and due process fail to state viable facts under which the Court can provide relief; and (6) Plaintiff's causes of action for negligent supervision, negligence, and breach of contract are outside of the statute of limitations.

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170

With regard to the Motion to Strike, Defendants assert that punitive damages be stricken from Plaintiff's Complaint because state law prevents recovery of punitive damages against governmental entities.

### I.     Motion to Dismiss

As an initial matter, Defendants rely on Section 59-40-90 of the Charter Schools Act to support their contention that Plaintiff was required to bring disputes arising out of its charter before the Administrative Law Court ("ALC"), and its failure to do so relieves this Court of jurisdiction. Based on the plain reading of Section 59-40-90, Defendants' assertion is inapplicable to Plaintiff's Complaint. Section 59-40-90 states that a party may appeal a final decision of a charter school sponsor to the ALC. S.C. Code Ann. § 59-40-90.

Likewise, Section 59-40-40 of the Act is inapplicable. Section 59-40-40 states that independent institutions of higher learning . . . who register with the South Carolina Department of Education. . . [are] subject to the oversight and authority of the State Education Agency, which is the SCDE". *See* generally, S.C. Code § 59-40-40; 34 CFR 76; 34 CFR 81. The "oversight and authority" contemplated in this section of the Charter Schools Act does not extend to and does not give the SCDE jurisdiction over civil causes of action. The Act's specific mentions of processes involving the SCDE are limited by statute and do not authorize the SCDE to adjudicate civil proceedings based in contract or tort.

Defendants argue the Charter Schools Act provides them with civil liability immunity. *See* S.C. Code Ann. § 59-40-190(C). However, at this stage in the litigation, the Defendants have not satisfied their burden of establishing immunity. Therefore, Defendants' Motion to Dismiss based on civil liability immunity under the Charter Schools Act is denied.

Defendants next argument is that the SCTCA provides immunity for all of Plaintiff's

claims. Specifically, Erskine College and the Institute argue that their alleged actions and/or omissions are based upon their status as "agencies" and/or the "state" as defined by the SCTCA. Likewise, Defendants argue that Runyan's alleged actions or omissions are based upon his status as an employee of the "agency" and/or "state" as defined by the SCTCA. While this may be true, Defendants carry the burden of establishing immunity under the SCTCA as an affirmative defense. Defendants have not satisfied their burden of establishing this affirmative defense. Therefore, Defendants' Motion to Dismiss is denied. For this reason, and the reasons stated *supra*, this Court has subject matter jurisdiction over Plaintiff's Complaint.

With regard to Defendants' argument that all claims against Erskine College should be dismissed due to its delegation of duties to the Institute, the Court finds that argument to be dissuasive. Defendant Erskine College meets the statutory definition of a "sponsor" under the Act. *See* S.C. Code Ann. § 59-103-5. Moreover, Defendants concede that Erskine College meets the statutory definition of an "independent institute of higher learning." *See* S.C. Code Ann. § 59-113-50. At this stage, it is yet to be determined what, if any, responsibility Defendant Erskine College bears as a sponsor of LCA. Therefore, the Court has subject matter jurisdiction and declines to dismiss Defendant Erskine College from this lawsuit.

Next, Defendants argue that the SCTCA prevents Plaintiff from personally naming Runyan in its defamation cause of action. Here, Plaintiff sufficiently alleged that Runyan acted with actual malice and/or intent to harm Plaintiff through his actions such that his acts and omissions are not precluded by the SCTCA. *See* S.C. Code Ann. § 15-78-70(b). Therefore, Defendants' motion to dismiss Defendant Runyan is denied.

Defendants argue that Plaintiff's Complaint failed to state facts sufficient to constitute a cause of action for defamation because Plaintiff fails to allege the elements of defamation, chiefly

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170

to name the third party to whom the allegedly defamatory statements were made. However, Plaintiff is not required to identify, at this stage of the litigation, a third party by name to whom Defendants communicated defamatory statements to state a claim for defamation and survive a motion to dismiss. *See Leask v. Robertson*, 2022 WL 673760, at *3 (D.S.C. Mar. 7, 2022). Accordingly, Plaintiff has no deficiencies in its pleading of the cause of action for defamation. Therefore, Defendants' motion to dismiss is denied.

Defendants allege that Plaintiff failed to allege facts plausible to state a claim for relief with regard to its due process cause of action. To succeed on a claim for a procedural due process violation, "a plaintiff must show that [it] has a constitutionally protected property or liberty interest, and that [it] was deprived of that interest by the state without due process of law." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Plaintiff pleaded the existence of both liberty and property interests on the face of its Complaint and thus has no deficiencies in its pleading of the cause of action for due process. Therefore, Defendants' Motion to Dismiss the due process cause of action is denied.

Next, Defendants argue that Plaintiff's breach of contract should be dismissed. To succeed on a claim for breach of contract, Plaintiff has to allege and prove the following three elements: (1) a binding contract entered into by the parties; (2) breach or unjustifiable failure to perform the contract; (3) damage suffered by the plaintiff as a direct and proximate result of the breach. *See Fuller v. Eastern Fire & Casualty Insurance Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962). Plaintiff pleaded the existence of all three elements on the face of its Complaint and thus has no deficiencies in its cause of action for breach of contract. Therefore, Defendants' Motion to dismiss the breach of contract cause of action is denied.

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170

Defendants argue that Plaintiff's Negligence cause of action should be dismissed. To succeed on a claim for negligence, Plaintiff has to prove the following three elements: (1) a duty of care owed by the Defendant to Plaintiff; (2) Defendant's breach of that duty by a negligent act or omission; and (3) damages to Plaintiff resulting from the breach of duty. Plaintiff pleaded the existence of all three elements on the face of its Complaint and thus has no deficiencies in its cause of action for negligence. Therefore, Defendants' Motion to Dismiss the Negligence cause of action is denied.

Plaintiff alleges that Defendants Erskine College and the Institute violated FOIA by failing to timely respond to a request sent for disclosure of documents pursuant to FOIA. However, the Plaintiff's pleading shows it failed to prosecute the alleged violation and failed to pursue fees by failing to follow the procedural requirements outlined in Section 30-4-100(A) of FOIA. Section 30-4-100(A) requires that when a plaintiff is seeking a declaratory judgment or injunctive relief, the chief administrative judge of the circuit in which the action was filed "**must** schedule an initial hearing within ten days of the service on all parties." (Emphasis added). The statute further prescribes that if the matter is not resolved at the initial hearing, the court "**shall** establish a scheduling order to conclude actions brought pursuant to this section within six months of initial filing." (Emphasis added). Our courts consistently have ruled that a plaintiff has the burden of prosecuting his action, and, that when the plaintiff fails to meet that burden, the case may be dismissed. *Don Shevey &Spires, Inc. v. Am. Motors Realty Corp.*, 279 S.C. 58, 301 S.E.2d 757 (1983); *Small v. Mungo,* 254 S.C. 438, 175 S.E.2d 802 (1970); *Joyner v. Glimcher Props.*, 356 S.C. 460, 589 S.E.2d 762 (Ct. App. 2002). In this case, there was no hearing held within ten days, the matter was not concluded within six months of the initial filing, and Plaintiff failed to request a hearing to prosecute this claim. Plaintiff's argument to the contrary that it requested a prayer for

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170

relief to include damages is not convincing and does not alleviate Plaintiff of its burden under the statute to request a hearing in a timely fashion. Therefore, Defendants' motion to dismiss is granted based on Plaintiff's failure to prosecute the alleged violation of the FOIA.

Defendants argue that the applicable statute of limitations bars Plaintiff's causes of actions for negligent supervision and negligence. The SCTCA is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty. S.C. Code Ann. § 15-78-200. Any action brought pursuant to the SCTCA is forever barred unless an action is commenced within two (2) years after the date the loss was or should have been discovered. S.C. Code Ann. § 15-78-110. Plaintiff filed its Complaint on June 21, 2022. Therefore, Defendants' Motion to Dismiss is granted as to all claims that arose before June 21, 2020.

## II.     Motion to Strike

Section 15-78-120(b) of the SCTCA provides that governmental entities are not subject to any award for punitive damages. This follows the common law of the State of South Carolina, which prohibited those awards as well. *Macmurphy v. South Carolina Department of Highways and Public Transportation*, 295 S.C. 49, 367 S.E.2d 150 20 (1988). Plaintiff alleges that Erskine College and the Institute are both sponsors under the Charter Schools Act, which necessarily makes them political subdivisions of the state. Furthermore, Runyan is an employee acting on behalf or in service of a governmental entity in the scope of his official duty. Therefore, under the statutory definitions of state law and the considerations of public policy set forth by the Supreme Court, Plaintiff is precluded from recovering punitive damages against Defendants.

Considering that Plaintiff is precluded from recovering punitive damages against Defendants, it would be immaterial, impertinent, and scandalous to allow Plaintiff's Complaint to

go unstricken. For purposes of a Rule 12(f), SCRCP Motion to Strike,

> 'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues. 'Scandalous' includes allegations that cast a cruelly derogatory light on a party to other persons. The granting of a motion to strike a scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available.

(Internal citations omitted). *Founders Ins. Co. v. Hamilton*, No. 5:15-CV-00408-JMC, 2015 WL 3458470, at *2 (D.S.C. June 1, 2015). The only purpose the unrecoverable damages have in the Complaint is to draw the Defendants in the light that it should be punished. This unfavorable characterization of Defendants, which is interwoven throughout the Complaint, prejudices them in that it portrays them as punishable in documents that are generally available to the public. Therefore, any statements of claims for punitive damages against Defendants, which includes Paragraphs 112, 120, 126, and Plaintiff's "WHEREFORE" subsection (c) statement of the Complaint, are stricken from Plaintiff's Complaint.

**THEREFORE, IT IS ORDERED** that Defendants' Motion to Dismiss is denied in part and granted in part. Defendants' Motion to Strike is granted in full.

**IT IS SO ORDERED.**

                                    The Honorable Lawton McIntosh
                                    Fifth Judicial Circuit

Columbia, South Carolina

ELECTRONICALLY FILED - 2023 Jul 20 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4003170



Richland Common Pleas

**Case Caption:**   Legion Collegiate Academy vs   Erskine College , defendant, et al

**Case Number:**   2022CP4003170

**Type:**   Order/Other

S/R. LAWTON McINTOSH

S/R.LAWTON McINTOSH

Electronically signed on 2023-07-20 12:29:07     page 11 of 11