# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| Kim Marie Sherwood, | C.A. No. 7:24-cv-3257-TMC |
| Plaintiff, | |
| v. | ***PARTIAL* ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD-PARTY COMPLAINT BY SPARTANBURG COUNTY SCHOOL DISTRICT ONE** |
| Mark Rollins, individually and in his official capacity as Chairman of the Board of Trustees of Spartanburg County School District One; Mark S. Smith, individually and in his official capacity as Superintendent of Spartanburg County School District One; and Spartanburg County School District One, | |
| Defendants. | |

Spartanburg County School District One,

        Counterclaimant and
        Third-Party Plaintiff,

v.

Kim Marie Sherwood,

        Counterclaim Defendant,

and

Keith Sherwood and Martha Sproul-Debrosse,

        Third-Party Defendants.

Defendant Spartanburg School District One (hereinafter "District"), by and through its undersigned counsel, hereby responds to the Complaint filed by Kim Marie Sherwood (hereinafter "Plaintiff") in accordance with the numbered paragraphs thereof, as follows:

## INTRODUCTION

1. Denied.

2. Denied.[1]

3. Denied.

4. The allegations contained in Paragraph 4 set forth a legal conclusion to which no response is required. To the extent that a response is required, the District denies any wrongdoing and demands strict proof thereof.

## THE PARTIES

5. Denied as stated. The District admits that Plaintiff resides in Greenville County and, as such, a portion of her property taxes, are utilized by the District in accordance with local assessments.

6. Defendant Mark Rollins (hereinafter "Mr. Rollins") has moved for dismissal as to the claims asserted against him; as the allegations contained in Paragraph 6 do not pertain to the District, the District is not required to respond. To the extent that a response is required, the District denies any wrongdoing and demands strict proof thereof.

7. Defendant Mark Smith (hereinafter "Dr. Smith") has moved for dismissal as to the claims asserted against him; as the allegations contained in Paragraph 7 do not pertain to the District, the District is not required to respond. To the extent that a response is required, the District denies any wrongdoing and demands strict proof thereof.

8. Denied as stated. The District admits only that it is a political subdivision of the State as

---

[1] The Individual Defendants Mark Rollins and Mark S. Smith, by and through their undersigned counsel, have moved for dismissal of the Complaint in its entirety. In an abundance of caution and clarity, none of the admissions contained herein shall be construed as to be those of Rollins and/or Smith.

contemplated by the S.C. Tort Claims Act (hereinafter "SCTCA"), S.C. Code Ann. § 15-78-30(a), *et seq.* and subject to the provisions and afforded protections of the same.

## JURISDICTION AND VENUE

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted only as to the Court's authority; the remainder of Paragraph 12 is denied.

13. Admitted only as to the Court's authority; the remainder of Paragraph 13 is denied.

14. Admitted.

15. Denied.

## FACTUAL ALLEGATIONS

16. The allegations contained in Paragraph 16 contain a statement and/or conclusion of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 16 and demands strict proof thereof.

17. The allegations contained in Paragraph 17 reference a document, the terms of which speak for themselves. To the extent that Paragraph 17 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

18. The allegations contained in Paragraph 18 reference a document, the terms of which speak for themselves. To the extent that Paragraph 18 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

19. The allegations contained in Paragraph 19 reference a document, the terms of which speak for themselves. To the extent that Paragraph 19 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

20. The District is without sufficient information to respond to the allegations concerning Plaintiff's past history concerning her living arrangements and admits only that she resides in unincorporated Greenville County.  The remaining allegations of Paragraph 20 are denied.

21. Denied.

22. The District is without sufficient information to respond to the allegations contained in Paragraph 22; therefore, they are denied.

23. The District is without sufficient information to respond to the allegations contained in Paragraph 23; therefore, they are denied.

24. Admitted in part and denied in part.  The District admits only that Plaintiff created and orchestrated a public page on Facebook, called Greater Landrum Observer, which the title alone connotes the perception of media and/or press relations, about which the Plaintiff is not.  The District admits that, as of the time of filing this Answer, it appears Plaintiff has disbanded her social media content on this webpage.  As to the remaining allegations, the District is without sufficient information to respond to the allegations contained in Paragraph 24; therefore, they are denied.

25. Admitted in part and denied in part.  The District admits only that Plaintiff had a history of attending District Board meetings and harassing District officials in various ways; the District is without sufficient information to admit the remaining allegations contained in Paragraph 25 relating to other public body meetings and, therefore, denies the same.

26. Admitted.

27. Denied.

28. Admitted.

29. The allegations contained in Paragraph 29 reference a S.C. statute, which speaks for itself. To the extent that Paragraph 29 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

30. The allegations contained in Paragraph 30 reference a S.C. statute, which speaks for itself. To the extent that Paragraph 30 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

31. Denied.

32. The allegations contained in Paragraph 32 reference a document, the terms of which speak for themselves irrespective to Plaintiff's characterization of the same. To the extent that Paragraph 32 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

33. Denied.

34. Denied.

35. The allegations contained in Paragraph 35 reference a S.C. statute, which speaks for itself. To the extent that Paragraph 35 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

36. The allegations contained in Paragraph 36 reference a document, the terms of which speak for themselves irrespective to Plaintiff's characterization of the same. To the extent that Paragraph 36 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

## The Retaliation Timeline and Complaint Exhibits 1-4

37. Denied as stated. The District admits only that Plaintiff did assault Hopper; the remaining allegations contained in Paragraph 37 are denied.

38. Denied.

39. Admitted upon information and belief.

40. The District is without sufficient information to respond to the allegations contained in Paragraph 40; therefore, they are denied.

41. Denied.

42. Denied as stated.  The District admits only that Plaintiff assaulted Hopper, and Darver witnessed the same; the remaining allegations contained in Paragraph 42 are denied.

43. Denied as stated.  The District admits only that the meeting, as properly noticed in accordance with the law, moved forward; Hopper was sworn in.  The remaining allegations contained in Paragraph 43 are denied.

44. Admitted.

45. The allegations contained in Paragraph 45 reference a document, the terms of which speak for themselves.  To the extent that Paragraph 45 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

46. The allegations contained in Paragraph 46 reference a document, the terms of which speak for themselves irrespective to Plaintiff's characterization of the same.  To the extent that Paragraph 46 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

47.  The allegations contained in Paragraph 47 reference a document, the terms of which speak for themselves irrespective to Plaintiff's characterization of the same.  To the extent that Paragraph 47 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

48. The allegations contained in Paragraph 48 reference a document, the terms of which speak

for themselves irrespective to Plaintiff's characterization of the same. To the extent that Paragraph 48 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

49. The District is without sufficient information to respond to the allegations contained in Paragraph 49; therefore, they are denied.

50. The allegations contained in Paragraph 50 reference a document, the terms of which speak for themselves irrespective to Plaintiff's characterization of the same.  To the extent that Paragraph 50 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

51. The allegations contained in Paragraph 51 reference a document, the terms of which speak for themselves irrespective to Plaintiff's characterization of the same. To the extent that Paragraph 51 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

52. Denied.

### The Malicious Arrest of Plaintiff (at a Public Meeting)[2]

53. The District is without sufficient information to respond to the allegations contained in Paragraph 53; therefore, they are denied.

54. The District is without sufficient information to respond to the allegations contained in Paragraph 54; therefore, they are denied.

55. The District is without sufficient information to respond to the allegations contained in Paragraph 55; therefore, they are denied.

---

[2] The District would note that Paragraphs 53 through 64 surround the processing and handling of the pending criminal charges against Plaintiff. To be clear, the District has no involvement in the prosecution of those charges and such allegations are immaterial to the instant action.

56. The District is without sufficient information to respond to the allegations contained in Paragraph 56; therefore, they are denied.

57. The District is without sufficient information to respond to the allegations contained in Paragraph 57; therefore, they are denied.

58. The District is without sufficient information to respond to the allegations contained in Paragraph 58; therefore, they are denied.

59. The District is without sufficient information to respond to the allegations contained in Paragraph 59; therefore, they are denied.

60. The allegations contained in Paragraph 60 refer to the S.C. Rules of Criminal Procedure, which speak for themselves. To the extent that Paragraph 60 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

61. The District is without sufficient information to respond to the allegations contained in Paragraph 61; therefore, they are denied.

62. The District is without sufficient information to respond to the allegations contained in Paragraph 62; therefore, they are denied.

63. The District is without sufficient information to respond to the allegations contained in Paragraph 63; therefore, they are denied. The District would note that it responded to Plaintiff's subpoena to Hopper with responsive documents on July 1, 2024.

64. The District is without sufficient information to respond to the allegations contained in Paragraph 64; therefore, they are denied.

65. Denied.

66. Denied.

67. Denied.

68. The allegations contained in Paragraph 68 reference a S.C. statute, which speaks for itself. To the extent that Paragraph 68 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

69. Denied.

70. The allegations contained in Paragraph 70 reference a S.C. statute, which speaks for itself irrespective of Plaintiff's characterization of the same. To the extent that Paragraph 70 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

71. Denied as stated. The District admits only that, on occasion, it has graciously waived the fees permitted by statute relating to Plaintiff's onerous and burdensome FOIA requests, which does not require it to waive them with regard to all of her voluminous requests, which it did not do. The District denies the remaining allegations contained in Paragraph 71 and demands strict proof thereof.

72. Denied.

73. The allegations contained in Paragraph 73 contain a statement and/or conclusion of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 73 and demands strict proof thereof.

74. The allegations contained in Paragraph 74 contain a statement and/or conclusion of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 74 and demands strict proof thereof.

75. Denied as stated. The District admits only that School Resource Officers are provided through various law enforcement agencies, the funding for which is set forth by S.C. law. The District denies the remaining allegations contained in Paragraph 75 and demands strict

proof thereof.

76. Denied.

77. The allegations contained in Paragraph 77 contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 77 and demands strict proof thereof.

78. Denied.

79. Denied.

80. The allegations contained in Paragraph 80, including subparts a. through p., contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 80 and all its subparts and demands strict proof thereof.

81. The allegations contained in Paragraph 81 contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 81 and demands strict proof thereof.

82. The allegations contained in Paragraph 82 contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 82 and demands strict proof thereof.

83. The allegations contained in Paragraph 83 contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 83 and demands strict proof thereof.

84. The allegations contained in Paragraph 84 contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 84 and demands strict proof thereof.

85. The allegations contained in Paragraph 85 contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 85 and demands strict proof thereof.

86. The allegations contained in Paragraph 86 contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 86 and demands strict proof thereof.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. The allegations contained in Paragraph 95 contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 95 and demands strict proof thereof.

96. Denied.

97. Denied.

98. The allegations contained in Paragraph 98 contain statements and/or conclusions of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 98 and demands strict proof thereof.

99. Denied.

## COUNT I

**(Violation of First Amendment to U.S. Constitution: Prior Restraint; Content Discrimination; Denial of Rights under Petition Clause) (42 U.S.C. § 1983)**

100.     The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

101.     The allegations contained in Paragraph 101 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 101 and demands strict proof thereof.

102.     Denied.

103.     Denied.

104.     The allegations contained in Paragraph 104 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 104 and demands strict proof thereof.

105.     The allegations contained in Paragraph 105 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 105 and demands strict proof thereof.

106.     Denied.

107.     Denied.

108.     The allegations contained in Paragraph 108 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 108 and demands strict proof thereof.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

## COUNT II

**(Violation of the Equal Protection Clause of the Fourteenth Amendment: Denial of the Right to Engage in the Political Process on Equal Terms) (42 U.S.C. § 1983)**

115.     The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

116.     The allegations contained in Paragraph 116 reference the U.S. Constitution, which speaks for itself.  To the extent that Paragraph 116 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

117.     The allegations contained in Paragraph 117 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 117 and demands strict proof thereof.

118.     The allegations contained in Paragraph 118 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 118 and demands strict proof thereof.

119.     Denied.

120.     Denied.

121.     The allegations contained in Paragraph 121 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 121 and demands strict proof thereof.

122.     The District is without sufficient information to respond to the allegations contained in Paragraph 122; therefore, they are denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

## COUNT III

**(Violation of the Due Process Clause of the Fourteenth Amendment: Lack of Procedural Due Process) (42 U.S.C. § 1983)**

128.    The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

129.    The allegations contained in Paragraph 129 reference the U.S. Constitution, which speaks for itself.  To the extent that Paragraph 129 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

130.    The allegations contained in Paragraph 130 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 130 and demands strict proof thereof.

131.    The allegations contained in Paragraph 131 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 131 and demands strict proof thereof.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied as stated.  The District admits only that, with regard to minutes of public bodies, its duties in that regard are set forth by S.C. FOIA and that it records and maintains such minutes in accordance with that law.  The District denies that the Board discussed the non-trespass at a Board meeting in public session requiring it to be documented in Board minutes.  The District denies the remaining allegations contained in Paragraph 148 and demands strict proof thereof.

149.    Admitted.

150.    The allegations contained in Paragraph 150 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 150 and demands strict proof thereof.

151.    The allegations contained in Paragraph 151 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies

the allegations contained in Paragraph 151 and demands strict proof thereof.

152.     Denied.

## **COUNT IV**

**(Retaliation for Exercising Rights Guaranteed by the First Amendment) (42 U.S.C. § 1983)**

153.     The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

154.     The allegations contained in Paragraph 154 contain a statement and/or conclusion of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 154 and demands strict proof thereof.

155.     The allegations contained in Paragraph 155, including subparts i) through viii), contain a statement and/or conclusion of law and require no response. To the extent a response is required, the District denies the allegations contained in Paragraph 155 and its subparts and demands strict proof thereof.

156.     Denied.

157.     Denied.

158.     The allegations contained in Paragraph 158 reference a document, the terms of which speak for themselves irrespective to Plaintiff's characterization of the same. To the extent a response is required, the District denies the allegations contained in Paragraph 158 and demands strict proof thereof.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Denied.

163.     The District is without sufficient information to respond to the allegations contained

in Paragraph 163; therefore, they are denied.

164.    Denied.

## COUNT V

**(Violations of the South Carolina Constitution) (S.C. Const., Art. I, §§ 2 and 3)**

165.    The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

166.    The allegations contained in Paragraph 166 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 166 and demands strict proof thereof.

167.    Denied.

168.    The allegations contained in Paragraph 168 reference the S.C. Constitution, the terms of which speak for themselves.  To the extent that Paragraph 168 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

169.    The allegations contained in Paragraph 169 reference the S.C. Constitution, the terms of which speak for themselves.  To the extent that Paragraph 169 alleges any wrongdoing by the District, the District denies the same and demands strict proof thereof.

170.    The allegations contained in Paragraph 170 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 170 and demands strict proof thereof.

171.    Denied.

172.    The allegations contained in Paragraph 172 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 172 and demands strict proof thereof.

173.    Denied.

174.    The allegations contained in Paragraph 174 contain a statement and/or conclusion of law and require no response.  To the extent a response is required, the District denies the allegations contained in Paragraph 174 and demands strict proof thereof.

175.    Denied.

176.    Denied.

177.    Denied.

## COUNT VI[3]

### (Violation of S.C. FOIA, S.C. Code Ann. §§ 30-4-60 and 70)

178.    The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

179.    – 182. The District moved to dismiss this cause of action; until such a time as required by the Court, the District will not respond to these allegations because it is not obligated to do so.

## COUNT VII

### (Violation of S.C. FOIA, S.C. Code Ann. §§ 30-4-30)

182.    The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

183.    – 186. The District moved to dismiss this cause of action; until such a time as required by the Court, the District will not respond to these allegations because it is not obligated to do so.

---

[3] Plaintiff's Complaint, beginning with this heading and continuing through "COUNT VIII", labels paragraphs out of sequence, in numerical order beginning with "109", which is clearly a scrivener's error.  The paragraph labeled "109" should be "178" and so forth.

## COUNT VIII

**(Declaratory Judgment Relief; 28 U.S.C. §§ 2201-02; Violation of S.C. FOIA, S.C. Code Ann. §§ 30-4-10, *et seq*.)**

187. The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

188. – 191. The District moved to dismiss this cause of action; until such a time as required by the Court, the District will not respond to these allegations because it is not obligated to do so.

## PRAYER FOR RELIEF

Plaintiff's "WHEREFORE" statement, including subparts A through H[44] constitutes a demand for relief to which no responsive pleading is required. To the extent a responsive pleading is required, the District denies that Plaintiff is entitled to the relief she seeks and only recognizes her request for a trial by a jury.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails, in whole or in part, to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Vicarious Liability Inapplicable)

The District cannot be held liable for alleged losses, injuries, and/or damages to Plaintiff pursuant to theories of *respondeat superior* or vicarious liability.

---

[44] The District has moved to strike subpart B.

### THIRD AFFIRMATIVE DEFENSE
**(Tort Claims Act)**

The District is a governmental entity within the provisions of the S.C. Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et seq.*, and is entitled to all of the protections provided by the Act.

### FOURTH AFFIRMATIVE DEFENSE
**(Immunity Under the Tort Claims Act)**

The District is not liable for the damages, injuries, and losses claimed by Plaintiff to the extent such damages, injuries, and losses resulted from one or more of the following actions, which the District affirmatively alleges were not done in a grossly negligent manner:

    a.   the District's administrative action or inaction of a legislative, judicial, or quasi-judicial nature (S.C. Code Ann. § 15-78-60(1));

    b.   the District's adoption, enforcement, or compliance with any policy or procedure or its failure to adopt, enforce, or comply with its policies or procedures (S.C. Code Ann. § 15-78-60(4));

    c.   the exercise or discretion of judgment by the District or employee or the performance or failure to perform any act or service, which is in the discretion or judgment of the District or employee (S.C. Code Ann. § 15-78-60(5));

    d.   employee conduct outside the course and scope of his/her official duties or that which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude (S.C. Code Ann. § 15-78-60(17)); and

    e.   an act or omission of a person other than an employee including but not limited to the criminal actions of third persons (S.C. Code Ann. § 15-78-60(20)).

### FIFTH AFFIRMATIVE DEFENSE
**(Limitation of Liability Under Tort Claims Act)**

Plaintiff's recovery with regard to all claims is limited pursuant to the liability limits set

forth in S.C. Code Ann §§ 15-78-120 and 15-78-30(g).

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

Defendant's actions and/or actions were not the proximate cause of the losses, damages, or injuries allegedly sustained by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendant asserts that Plaintiff has failed to mitigate her damages, which Plaintiff claims to have sustained at the hands of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, and/or Estoppel)

Plaintiff's Complaint is barred by the doctrines of laches, waiver, and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Some or all of Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (No Liability for Acts of Others)

The injuries complained of were caused in whole or in part by the actions of other persons or entities other than Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith and Reasonable Manner)

At all times referenced, Defendant acted in good faith and in a reasonable manner.

## TWELFTH AFFIRMATIVE DEFENSE
### (Consent, Authorization, and Privilege)

Plaintiff's Complaint is barred by the doctrines of consent, authorization, and/or privilege.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reliance on Other Defenses)

Defendant hereby gives notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or investigation, and they reserve their right to amend their Answer to assert any such defenses.

WHEREFORE, having answered Plaintiff's Complaint, the District prays that judgment be entered in its favor and against Plaintiff, dismissing the Complaint *with prejudice*, and awarding the District costs and any reasonable attorney's fees as permitted by law.

## COUNTERCLAIM AGAINST KIM MARIE SHERWOOD AND THIRD-PARTY COMPLAINT AGAINST KEITH SHERWOOD AND MARTHA SPROUL-DEBROSSE

The District hereby files this Counterclaim against Kim Marie Sherwood and Third-Party Complaint against Keith Sherwood and Martha Sproul-Debrosse in accordance with the numbered paragraphs hereof as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff and Counter Defendant Kim Marie Sherwood ("Mrs. Sherwood") is a citizen and resident of Greenville County.

2. Defendant, Counterclaimant, and Third-Party Plaintiff Spartanburg County School District One ("District") is a political subdivision of the State as contemplated by the S.C. Tort Claims Act (hereinafter "SCTCA"), S.C. Code Ann. § 15-78-30(a), *et seq.* that operates K-12 schools in a geographical defined region in South Carolina.

3. Upon information and belief, Third-Party Plaintiff Keith Sherwood ("Mr. Sherwood") is a citizen and resident of Greenville County. Mr. Sherwood is the lawful spouse of Sherwood.

4. Upon information and belief, Third-Party Plaintiff Martha Sproul-Debrosse ("Debrosse") is a citizen and resident of Spartanburg County.

5. The Court has jurisdiction over these claims, and venue is proper.

## FACTUAL ALLEGATIONS

6. In or around 2019, Defendants Mr. and Mrs. Sherwood moved to South Carolina after residing in the northeast for many years.

7. At or around the time of her arrival in South Carolina, Mrs. Sherwood became a regular attendee at District Board of Trustee (hereinafter the "Board") meetings.

8. Upon information and belief, Mrs. Sherwood was also a regular attendee at nearby town council, county council, and other governmental subdivision public meetings.

9. Corresponding to her attendance at District Board meetings, Mrs. Sherwood submitted frequent and repetitive FOIA requests to the District. In many instances, Mrs. Sherwood would submit FOIA requests at the time of, and while she was in attendance, at District Board meetings.

10. Mrs. Sherwood's FOIA requests were often comparable to, if not exceeding, the total number of FOIA requests the District received year-to-year. To wit:

| Sch. Year | Mrs. Sherwood FOIA | Other FOIA | Total |
|-----------|--------------------|------------|-------|
| 19-20 | 11 | 13 | 24 |
| 20-21 | 6 | 8 | 14 |
| 21-22 | 4 | 6 | 10 |
| 22-23 | 22 | 13 | 35 |
| 23-24 | 18 | 10 | 28 |
| 24-25 | 1 (received 7/10/24) | 0 | 1 |
| Total | 62 | 50 | 112 |

11. In 2022, Mrs. Sherwood established a Facebook page entitled "Greater Landrum Observer." Upon information and belief, Third-Party Defendants Mr. Sherwood and

Debrosse assisted in the creation and administration of the page.

12. Despite the title, "Greater Landrum Observer," neither Mrs. Sherwood, Mr. Sherwood, nor Debrosse are engaged in the profession of press, media, and/or media relations.

13. Mrs. Sherwood, Mr. Sherwood, and Debrosse would utilize the Facebook page to circulate various governmental subdivision information such as meeting agendas, meeting recordings, and documents received via FOIA, including, but not limited to, that of the District, to the public at-large.

14. The Defendants would further utilize the page to disseminate information with out-of-context narratives in an attempt to skew the perception of the public at-large.

15. Notably, the Facebook page was recently removed from public view.

16. At or around the same time the page was established, Debrosse began regularly attending meetings with Mrs. Sherwood, submitting duplicative FOIA requests, causing disturbances at District Board meetings, and otherwise engaging in similar harassing and burdensome conduct toward the District.

17. On December 11, 2023, following a District Board Audit Committee meeting and prior to a regularly scheduled District Board meeting, Mrs. Sherwood assaulted a newly elected Board Member, Barbara Hopper ("Hopper").

18. Mrs. Sherwood assaulted Hopper in the presence of a District auditor, Mr. Darver ("Darver") who has presented at the earlier Audit Committee meeting.

19. Because of the nature of the incident, Darver promptly notified the District Superintendent, Mark S. Smith ("Smith") of the assault.

20. Hopper further notified the City of Campobello Police Department of the assault, who prepared an Incident Report documenting the assault.

21. On December 13, 2023, the District, by and through legal counsel, placed Mrs. Sherwood on trespass notice on District property and at District events.

22. On December 14, 2023, Mrs. Sherwood signed an Acceptance of Service of both the trespass notice and City of Campobello Police Department Incident Report.

23. On or about February 20, 2024, an Arrest Warrant was issued for Mrs. Sherwood from the Municipality of Campobello, charging her with Assault, 3rd Degree.

24. On March 15, 2024, the District issued Mrs. Sherwood a cease and desist in response to her ongoing conduct. In pertinent part, the correspondence advised:

> However, your longstanding practice of overly-aggressive and disrespectful behavior towards the Board of Trustees, administration and staff of District One through harassing emails, text messages, phone calls, social media posts and personal interactions (including striking a member of the Board of Trustees – which necessitated the issuance of a no-trespass notice banning you from all district properties and events – and publishing untrue comments about district staff_, as well as your attempts to interfere directly with outside persons and entities with which the district engages (including the district's auditor and financial advisor), has prompted this communication.
>
> District One is a small school district with limited staff. Many individuals associated with the district have had to spend an inordinate amount of their time addressing your repeated harsh and inappropriate conduct. Therefore, the Board of Trustees has determined that, if you do not immediately cease and desist the behavior described in this letter, it will be necessary to consider legal remedies through the courts to protect itself and those associated with it from any further harassing, demeaning, defamatory, aggressive, unduly burdensome, overly broad, vague, repetitive or otherwise improper requests and interactions with you.

[Dkt. 1-4].

25. Specifically, not only did Mrs. Sherwood's FOIA requests exceed half of the total requests received, but she engaged in hundreds of email communications and numerous telephone calls to the District.

26. Moreover, on or about February 15, 2024, approximately one month prior to the cease and desist, Mrs. Sherwood went so far as to directly contact the District's private financial

advisor, Compass Municipal Advisors, seeking District information.

27. On March 20, 2024, Mrs. Sherwood was arrested by the Campobello Police Chief after being asked to step out from a public meeting in Landrum, South Carolina.

### FOR A FOURTEENTH DEFENSE AND BY WAY OF COUNTERCLAIM AGAINST MRS. SHERWOOD
**(Declaratory Judgment – Violation of FOIA, S.C. Code Ann. § 30-4-110)**

28. The District re-alleges and incorporates the allegations above as if set forth herein verbatim.

29. Since 2019, the District has received a total of 112 requests in accordance with the S.C. Freedom of Information Act ("FOIA").

30. Of those, Mrs. Sherwood has submitted 62 or approximately 55%.

31. S.C. Code Ann. § 30-4-110(A) provides that "[a] public body may file a request for hearing with the circuit court to seek relief from unduly burdensome, overly broad, vague, repetitive, or otherwise improper requests."

32. As a direct and proximate result of Mrs. Sherwood abusing FOIA, the District has been prejudiced, harassed, and suffered harm as a result of having to repeatedly fill repeated requests, including, but not limited to, Mrs. Sherwood's belief that requests are to be filled immediately upon receipt.

### FOR A FIFTEENTH DEFENSE AND BY WAY OF COUNTERCLAIM AGAINST MRS. SHERWOOD AND CLAIM AGAINST MR. SHERWOOD AND DEBROSSE
**(Civil Conspiracy)**

33. The District realleges and incorporates the allegations above as if set forth herein verbatim.

34. Defendants Mrs. Sherwood, Mr. Sherwood, and Debrosse colluded to harm the District by providing false and defamatory information about the District to the public at-large, including, but not limited to, by and through the Greater Landrum Observer, as well as to

the State Department of Education and other entities to place unwarranted scrutiny on the District.

35. The collusion between Mrs. Sherwood, Mr. Sherwood, and Debrosse was specifically designed to injure the District and the District School Board through overt acts, including unduly FOIA requests, threatening and harassing conduct toward District personnel – to include assault of a Board member, defamatory statements via the Facebook page Greater Landrum Observer.

36. As a direct and proximate result of the conspiracy, the District has suffered significant damages, including but not limited to loss of community goodwill, emotional distress, reputational harm, actual damages associated with filling unduly FOIA requests, and reputational harm, and the District is entitled to recover damages in an amount to be determined by a jury, including punitive damages.

WHEREFORE, the District prays that this Court issue an Order granting judgment for the District against the Counter Defendant and Third-Party Defendants including the following relief: (a) for actual, consequential, and punitive damages in amounts to be determined by a jury; (b) for pre-judgment and post-judgment interest on the District's damages; (c) an Order declaring that the Counter Defendants abuse of FOIA violates S.C. Code Ann. § 30-4-110; (d) for attorney's fees and costs; and (e) for such other and further relief as the Court deems just and proper.

[Signature Block on Next Page]

*Respectfully submitted:*

By: *s/Ryan K. Hicks*
    Ashley C. Story (SC Bar No. 11505)
    Ryan K. Hicks (SC Bar No. 11657)
    WHITE & STORY, LLC
    3614 Landmark Drive, Suite EF
    P.O. Box 7036 (29202)
    Columbia, SC 29204
    T:  803.814.0993
    F:  803. 814.1183
    astory@sodacitylaw.com
    rhicks@sodacitylaw.com

***Attorneys for Defendant Spartanburg County School District One***

July 10, 2024
Columbia, South Carolina

28