UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Kim Marie Sherwood, | ) | |
| | ) | 7:24-CV-3257-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mark Rollins, individually and in his official capacity as Chairman of the Board of Trustees of Spartanburg County School District One; Mark S. Smith, individually and in his official capacity as Superintendent of Spartanburg County School District One; and Spartanburg County School District One, | ) ) ) ) ) ) ) ) ) | **PLAINTIFF/COUNTERCLAIM DEFENDANT KIM MARIE SHERWOOD'S REPLY TO THE PARTIAL ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF DEFENDANT SPARTANBURG COUNTY SCHOOL DISTRICT ONE** |
| | ) | **(Jury Trial Demanded)** |
| Defendants. | ) | |
| _____ | ) | |
| Spartanburg County School District One, | ) | |
| | ) | |
| Counterclaimant and Third-Party Plaintiff, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kim Marie Sherwood, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Keith Sherwood and Martha Sproul-Debrosse, | ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

The plaintiff/counterclaim defendant, Kim Marie Sherwood, replying to the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, would respectfully allege and show unto the Court as follows:

**FOR A FIRST DEFENSE**

1. Upon information and belief, Paragraphs 1 through 191 and the First through Thirteenth Affirmative Defenses represent Defendant Spartanburg County School District One's Answer to Plaintiff's Complaint and, therefore, no response is required by the plaintiff/counterclaim defendant. To the extent the allegations contained in Paragraphs 1 through 191 and the First through Thirteenth Affirmative Defenses suggest or imply any allegations as to the plaintiff/counterclaim defendant, those allegations are denied and strict proof thereof is demanded.

2. The plaintiff/counterclaim defendant admits the allegations of Paragraph 1.

3. The plaintiff/counterclaim defendant admits, upon information and belief, the allegations of Paragraph 2.

4. The plaintiff/counterclaim defendant denies the allegations of Paragraph 3.

5. The plaintiff/counterclaim defendant denies the allegations of Paragraph 4.

6. The plaintiff/counterclaim defendant lacks sufficient information to form a belief regarding the allegations of paragraph 5, and therefore, denies them.

7. In response to the allegations of Paragraph 6, the plaintiff/counterclaim defendant admits that she and third-party defendant, Keith Sherwood are married and are residents of South Carolina. The plaintiff/counterclaim defendant denies the remaining allegations of Paragraph 6.

8. The plaintiff/counterclaim defendant admits the allegations of Paragraph 7.

9. The plaintiff/counterclaim defendant admits the allegations of Paragraph 8.

10. The plaintiff/counterclaim defendant denies the allegations of Paragraph 9, as stated.

11. The plaintiff/counterclaim defendant lacks sufficient information to form a belief regarding the allegations of paragraph 10, and therefore, denies them.

12. In response to the allegations of Paragraph 11, the plaintiff/counterclaim defendant admits that she established a Facebook page entitled "Greater Landrum Observer." The plaintiff/counterclaim defendant denies the remaining allegations of Paragraph 11.

13. The plaintiff/counterclaim defendant admits the allegations of Paragraph 12.

14. The plaintiff/counterclaim defendant denies the allegations of Paragraph 13 as stated.

15. The plaintiff/counterclaim defendant denies the allegations of Paragraph 14.

16. The plaintiff/counterclaim defendant admits the allegations of Paragraph 15.

17. The allegations of Paragraph 16 are not directed toward the plaintiff/counterclaim defendant, and therefore, no response is required. To the extent a response is required, the plaintiff/counterclaim defendant denies the allegations of Paragraph 16 as they pertain to the plaintiff/counterclaim defendant.

18. The plaintiff/counterclaim defendant denies the allegations of Paragraph 17.

19. The plaintiff/counterclaim defendant denies the allegations of Paragraph 18.

20. The plaintiff/counterclaim defendant denies the allegations of Paragraph 19.

21. The plaintiff/counterclaim defendant denies the allegations of Paragraph 20, as stated.

22. The plaintiff/counterclaim defendant admits the allegations of Paragraph 21.

23. The plaintiff/counterclaim defendant admits the allegations of Paragraph 22.

24. The plaintiff/counterclaim defendant admits the allegations of Paragraph 23.

25. The plaintiff/counterclaim defendant admits the allegations of Paragraph 24.

26. The plaintiff/counterclaim defendant lacks sufficient information to form a belief regarding the allegations of Paragraph 25, and therefore, denies them.

27. The plaintiff/counterclaim defendant denies the allegations of Paragraph 26, as stated.

28. The plaintiff/counterclaim defendant admits the allegations of Paragraph 27.

29. Insofar as the allegations of Paragraph 28 require a response, the plaintiff/counterclaim defendant realleges and incorporates by reference her prior answers and allegations as if fully repeated verbatim herein.

30. The plaintiff/counterclaim defendant lacks sufficient information to form a belief regarding the allegations of Paragraph 29, and therefore, denies them.

31. In response to the allegations of Paragraph 30, the plaintiff/counterclaim defendant admits that she sent FOIA requests but is unsure of the number. The plaintiff/counterclaim defendant denies the remaining allegations of Paragraph 30.

32. The allegations of Paragraph 31 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, the plaintiff/counterclaim defendant denies the allegations of Paragraph 31.

33. The plaintiff/counterclaim defendant denies the allegations of Paragraph 32.

34. Insofar as the allegations of Paragraph 33 require a response, the plaintiff/counterclaim defendant realleges and incorporates by reference her prior answers and allegations as if fully repeated verbatim herein.

35. The plaintiff/counterclaim defendant denies the allegations of Paragraph 34.

36. The plaintiff/counterclaim defendant denies the allegations of Paragraph 35.

37. The plaintiff/counterclaim defendant denies the allegations of Paragraph 36.

38. The plaintiff/counterclaim defendant denies each and every allegation of the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, not specifically admitted, modified, or explained herein above.

## FOR A SECOND DEFENSE

39. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

40. The plaintiff/counterclaim defendant alleges that the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, fails to state facts sufficient to constitute a cause of action against her and, therefore, the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

41. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

42. The plaintiff/counterclaim defendant alleges that to the extent that Spartanburg County School District One recovers punitive damages related to the loss complained of in the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint, such punitive damages must be reduced and/or limited to the amounts as specified and controlled by S.C. Code Ann. §15-32-530 and §15-32-520.

## FOR A FOURTH DEFENSE

43. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

44. The plaintiff/counterclaim defendant alleges that the Spartanburg County School District One failed to properly mitigate its damages. The plaintiff/counterclaim defendant such failure as a complete bar to any recovery and/or that any recovery should be reduced by an amount to be proved at the trial of this case.

## FOR A FIFTH DEFENSE

45. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

46. The plaintiff/counterclaim defendant alleges that an award of punitive damages would constitute an impermissible and excessive fine under the Eighth Amendment of the Constitution of the United States, and such damages would further be a violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments, respectively, of the United States Constitution, as well as the applicable corresponding sections of the Constitution of the State of South Carolina, Article 1, Section 3.

47. Spartanburg County School District One's claim for punitive damages violates the plaintiff/counterclaim defendant's right to access to the Courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the plaintiff/counterclaim defendant's exercise of that right.

48. Spartanburg County School District One's claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

   a) The standard or test for determining the requisite mental state of the defendant for imposition of punitive damages is void for vagueness; and

   b) Insofar as punitive damages are not measured against actual injury to the plaintiff and are left wholly to the discretion of the jury, there is no objective standard that limits the

amount of such damages that may be awarded, and the amount of punitive damage that may be awarded is indeterminate at the time of the plaintiff/counterclaim defendant's alleged conduct.

## FOR A SIXTH DEFENSE

49. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

50. The plaintiff/counterclaim defendant hereby pleads the equitable doctrines of waiver, estoppel, laches and unclean hands as affirmative defenses to Spartanburg County School District One's allegations.

## FOR A SEVENTH DEFENSE

51. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

52. At this early stage of litigation there has been no discovery and the plaintiff/counterclaim defendant has not had the opportunity to fully investigate Spartanburg County School District One's claims and, accordingly, reserves the right to amend this Reply to include any additional defenses which may be revealed through discovery, investigation, or otherwise.

## FOR AN EIGHTH DEFENSE

53. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

54. Spartanburg County School District One's defamation claims are barred as any statements made by the plaintiff/counterclaim defendant were true or otherwise not defamatory.

**FOR A NINTH DEFENSE**

55.     The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

56.     Spartanburg County School District One's defamation claims are barred by qualified privilege and conditional privilege.

**FOR A TENTH DEFENSE**

57.     The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

58.     All of the statements which the Spartanburg County School District One alleges of the plaintiff/counterclaim defendant, although the plaintiff/counterclaim defendant expressly denies making such statements, were conditionally or qualifiedly privileged since the plaintiff/counterclaim defendant had an interest in the subject matter of such statements, the person (or persons) to whom such statements were made had a corresponding interest, every statement was honestly made and in good faith, and in order to protect such common interest, such statements were privileged by reason of the occasion.  Murray v. Holnam, Inc., 344 S.C. 129, 140-41, 542 S.E.2d 743, 748 (S.C.App. 2001).

**FOR AN ELEVENTH DEFENSE**

59.     The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

60.     Spartanburg County School District One has failed to allege any defamatory statements.

**FOR A TWELFTH DEFENSE**

61. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

62. Spartanburg County School District One has failed to allege the elements of conspiracy.

**FOR A THIRTEENTH DEFENSE**

63. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

64. Spartanburg County School District One is a public figure. It has failed to plead proper allegations of fact to meet the requisite elements for defamation.

**FOR A FOURTEENTH DEFENSE**

65. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

66. Spartanburg County School District One has failed to plead any actual damages.

**FOR A FIFTEENTH DEFENSE**

67. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

68. Spartanburg County School District One has failed to plead any actual action taken by Mr. Sherwood.

69. As a result, the counterclaim and third-party complaint must be dismissed.

**FOR A SIXTEENTH DEFENSE**

70. The plaintiff/counterclaim defendant incorporates herein the allegations of her previous defenses which are consistent with this defense.

71. Attorneys' fees are not recoverable in this action.

WHEREFORE, having fully replied to the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, the plaintiff/counterclaim defendant prays that the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One be dismissed, for the relief sought in her Complaint, for costs and disbursements of this action, and for any such other and further relief as this court shall deem just and proper.

By:   s/ James P. Walsh
     James P. Walsh (5636)
     P. Christopher Smith, Jr. (9921)
     Clarkson, Walsh & Coulter, P.A.
     P.O. Box 6728
     Greenville, SC 29606
     (864) 232-4400
     (864) 235-4399 (fax)
     Attorneys for the plaintiff/counterclaim defendant Kim Marie Sherwood

**JURY TRIAL DEMANDED**

By:   s/ James P. Walsh
     James P. Walsh (5636)

August 16, 2024