UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Kim Marie Sherwood,<br><br>     Plaintiff,<br><br>v.<br><br>Mark Rollins, individually and in his official capacity as Chairman of the Board of Trustees of Spartanburg County School District One; Mark S. Smith, individually and in his official capacity as Superintendent of Spartanburg County School District One; and Spartanburg County School District One,<br><br>     Defendants.<br>_____<br>Spartanburg County School District One,<br><br>     Counterclaimant and<br>     Third-Party Plaintiff,<br><br>v.<br><br>Kim Marie Sherwood,<br><br>     Counterclaim Defendant,<br><br>and<br><br>Keith Sherwood and Martha Sproul-Debrosse,<br><br>     Third-Party Defendants. | 7:24-CV-3257-TMC<br><br>**THIRD-PARTY DEFENDANT KEITH SHERWOOD'S ANSWER TO THE PARTIAL ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF SPARTANBURG COUNTY SCHOOL DISTRICT ONE**<br>**(Jury Trial Demanded)** |

The third-party defendant, Keith Sherwood, answering the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, would respectfully allege and show unto the Court as follows:

**FOR A FIRST DEFENSE**

1. Upon information and belief, Paragraphs 1 through 191 and the First through Thirteenth Affirmative Defenses represent Defendant Spartanburg County School District One's Answer to Plaintiff's Complaint and, therefore, no response is required by the third-party defendant. To the extent the allegations contained in Paragraphs 1 through 191 and the First through Thirteenth Affirmative Defenses suggest or imply any allegations as to the third-party defendant, those allegations are denied and strict proof thereof is demanded.

2. The third-party defendant admits the allegations of Paragraph 1.

3. The third-party defendant admits, upon information and belief, the allegations of Paragraph 2.

4. The third-party defendant denies the allegations of Paragraph 3.

5. The third-party defendant denies the allegations of Paragraph 4.

6. The third-party defendant lacks sufficient information to form a belief regarding the allegations of paragraph 5, and therefore, denies them.

7. In response to the allegations of Paragraph 6, the third-party defendant admits that he and Kim Marie Sherwood are married and are residents of South Carolina. The third-party defendant denies the remaining allegations of Paragraph 6.

8. The allegations of Paragraph 7 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant admits the allegations of Paragraph 7.

9. The third-party defendant admits the allegations of Paragraph 8.

10. The allegations of Paragraph 9 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant denies the allegations of Paragraph 9, as stated.

11. The allegations of Paragraph 10 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant lacks sufficient information to form a belief regarding the allegations of paragraph 10, and therefore, denies them.

12. The allegations of Paragraph 11 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant admits that plaintiff/counterclaim defendant, Kim Marie Sherwood, established a Facebook page entitled "Greater Landrum Observer." The third-party defendant denies the remaining allegations of Paragraph 11.

13. The third-party defendant admits the allegations of Paragraph 12.

14. The third-party defendant denies the allegations of Paragraph 13.

15. The third-party defendant denies the allegations of Paragraph 14.

16. The third-party defendant admits the allegations of Paragraph 15.

17. The allegations of Paragraph 16 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant denies the allegations of Paragraph 16 as they pertain to the third-party defendant.

18. The allegations of Paragraph 17 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant denies the allegations of Paragraph 17.

19. The allegations of Paragraph 18 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant denies the allegations of Paragraph 18.

20. The allegations of Paragraph 19 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant denies the allegations of Paragraph 19.

21. The allegations of Paragraph 20 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant denies the allegations of Paragraph 20, as stated.

22. The allegations of Paragraph 21 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant admits the allegations of Paragraph 21.

23. The allegations of Paragraph 22 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant admits the allegations of Paragraph 22.

24. The allegations of Paragraph 23 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant admits the allegations of Paragraph 23.

25. The allegations of Paragraph 24 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant admits the allegations of Paragraph 24.

26. The allegations of Paragraph 25 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party

defendant lacks sufficient information to form a belief regarding the allegations of Paragraph 25, and therefore, denies them.

27. The allegations of Paragraph 26 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant denies the allegations of Paragraph 26, as stated.

28. The allegations of Paragraph 27 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant admits the allegations of Paragraph 27.

29. Insofar as the allegations of Paragraph 28 require a response, the third-party defendant realleges and incorporates by reference his prior answers and allegations as if fully repeated verbatim herein.

30. The allegations of Paragraph 29 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant lacks sufficient information to form a belief regarding these allegations.

31. The allegations of Paragraph 30 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant lacks sufficient information to form a belief regarding these allegations.

32. The allegations of Paragraph 31 call for a legal conclusion, and therefore, no response is required. To the extent a response is required, the third-party defendant denies the allegations of Paragraph 31.

33. The allegations of Paragraph 32 are not directed toward the third-party defendant, and therefore, no response is required. To the extent a response is required, the third-party defendant denies the allegations of Paragraph 32.

34. Insofar as the allegations of Paragraph 33 require a response, the third-party defendant realleges and incorporates by reference his prior answers and allegations as if fully repeated verbatim herein.

35. The third-party defendant denies the allegations of Paragraph 34.

36. The third-party defendant denies the allegations of Paragraph 35.

37. The third-party defendant denies the allegations of Paragraph 36.

38. The third-party defendant denies each and every allegation of the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, not specifically admitted, modified, or explained herein above.

## FOR A SECOND DEFENSE

39. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

40. The third-party defendant alleges that the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, fails to state facts sufficient to constitute a cause of action against him and, therefore, the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

41. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

42. The third-party defendant alleges that to the extent that Spartanburg County School District One recovers punitive damages related to the loss complained of in the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint, such punitive damages must be

reduced and/or limited to the amounts as specified and controlled by S.C. Code Ann. §15-32-530 and §15-32-520.

## FOR A FOURTH DEFENSE

43.     The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

44.     The third-party defendant alleges that the Spartanburg County School District One failed to properly mitigate its damages.  The third-party defendant such failure as a complete bar to any recovery and/or that any recovery should be reduced by an amount to be proved at the trial of this case.

## FOR A FIFTH DEFENSE

45.     The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

46.     The third-party defendant alleges that an award of punitive damages would constitute an impermissible and excessive fine under the Eighth Amendment of the Constitution of the United States, and such damages would further be a violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments, respectively, of the United States Constitution, as well as the applicable corresponding sections of the Constitution of the State of South Carolina, Article 1, Section 3.

47.     Spartanburg County School District One's claim for punitive damages violates the third-party defendant's right to access to the Courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the plaintiff/counterclaim defendant's exercise of that right.

48. Spartanburg County School District One's claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

a) The standard or test for determining the requisite mental state of the defendant for imposition of punitive damages is void for vagueness; and

b) Insofar as punitive damages are not measured against actual injury to the plaintiff and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damage that may be awarded is indeterminate at the time of the third-party defendant's alleged conduct.

## FOR A SIXTH DEFENSE

49. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

50. The third-party defendant hereby pleads the equitable doctrines of waiver, estoppel, laches and unclean hands as affirmative defenses to Spartanburg County School District One's allegations.

## FOR A SEVENTH DEFENSE

51. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

52. At this early stage of litigation there has been no discovery and the third-party defendant has not had the opportunity to fully investigate Spartanburg County School District One's claims and, accordingly, reserves the right to amend this Answer to include any additional defenses which may be revealed through discovery, investigation, or otherwise.

**FOR AN EIGHTH DEFENSE**

53. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

54. Spartanburg County School District One's defamation claims are barred as any statements made by the plaintiff/counterclaim defendant and/or third-party defendant were true or otherwise not defamatory.

**FOR A NINTH DEFENSE**

55. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

56. Spartanburg County School District One's defamation claims are barred by qualified privilege and conditional privilege.

**FOR A TENTH DEFENSE**

57. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

58. All of the statements which the Spartanburg County School District One alleges of the third-party defendant, although the third-party defendant expressly denies making such statements, were conditionally or qualifiedly privileged since the third-party defendant had an interest in the subject matter of such statements, the person (or persons) to whom such statements were made had a corresponding interest, every statement was honestly made and in good faith, and in order to protect such common interest, such statements were privileged by reason of the occasion. Murray v. Holnam, Inc., 344 S.C. 129, 140-41, 542 S.E.2d 743, 748 (S.C.App. 2001).

**FOR AN ELEVENTH DEFENSE**

59. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

60. Spartanburg County School District One has failed to allege any defamatory statements.

**FOR A TWELFTH DEFENSE**

61. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

62. Spartanburg County School District One has failed to allege the elements of conspiracy.

**FOR A THIRTEENTH DEFENSE**

63. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

64. Spartanburg County School District One is a public figure. It has failed to plead proper allegations of fact to meet the requisite elements for defamation.

**FOR A FOURTEENTH DEFENSE**

65. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

66. Spartanburg County School District One has failed to plead any actual damages.

**FOR A FIFTEENTH DEFENSE**

67. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

68. Spartanburg County School District One has failed to plead any actual action taken by Mr. Sherwood.

69. As a result, the counterclaim and third-party complaint must be dismissed.

## FOR A SIXTEENTH DEFENSE

70. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

71. The District's civil conspiracy claim against this third-party defendant cannot be asserted as a third-party claim in accordance with Fed. R. Civ. P. 14 because it is not based on derivative liability. For this reason, the Third-Party Complaint ought to be struck pursuant to Fed. R. Civ. P. 14(a)(4).

## FOR A SEVENTEENTH DEFENSE

72. The third-party defendant incorporates herein the allegations of his previous defenses which are consistent with this defense.

73. Attorneys' fees are not recoverable in this action.

WHEREFORE, having fully answered the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One, the third-party defendant prays that the Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint by Spartanburg County School District One be dismissed, for the costs and disbursements of this action, and for any such other and further relief as this court shall deem just and proper.

By:   s/ James P. Walsh
     James P. Walsh (5636)
     P. Christopher Smith, Jr. (9921)
     Clarkson, Walsh & Coulter, P.A.
     P.O. Box 6728
     Greenville, SC 29606
     (864) 232-4400
     (864) 235-4399 (fax)
     Attorneys for the third-party defendant Keith Sherwood

**JURY TRIAL DEMANDED**

By:   s/ James P. Walsh
     James P. Walsh (5636)

August 16, 2024