# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| Kim Marie Sherwood,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Mark Rollins, individually and in his official capacity as Chairman of the Board of Trustees of Spartanburg County School District One; Mark S. Smith, individually and in his official capacity as Superintendent of Spartanburg County School District One; and Spartanburg County School District One,<br><br>　　　　Defendants.<br>―――――――――――――――――――――<br>Spartanburg County School District One,<br>　　　　Counterclaimant and<br>　　　　Third-Party Plaintiff,<br><br>　v.<br><br>Kim Marie Sherwood,<br>　　　　Counterclaim Defendant,<br>and<br><br>Keith Sherwood and Martha Sproul-Debrosse,<br>　　　　Third-Party Defendants. | C/A No. 7:24-cv-03257-TMC<br><br>THE THIRD-PARTY DEFENDANT<br>Martha Sproul-Debrosse's<br>**MOTION TO STRIKE**<br>THE THIRD-PARTY CLAIM |

　　　The third-party defendant Martha Sproul-Debrosse ("Sproul-Debrosse"), through her undersigned counsel and in accordance with Rule 14(a)(4) of the Federal Rules of Civil Procedure, hereby moves this Court to strike the defendant/third-party plaintiff Spartanburg County School District One's (the "District") claim of civil conspiracy.[1]

---

[1] As permitted under Local Civ. Rule 7.04 (D.S.C.), Sproul-Debrosse refrains from filing a memorandum in support of the motion because the full explanation of the motion is set forth within it and a separate memorandum would serve no useful purpose.

## QUESTION PRESENTED

In ruling on this motion, this Court faces the following issue:

Under Fed. R. Civ. P. 14, a defendant may bring into the lawsuit an additional party who may be liable for all or part of any damages the defendant may be adjudged to owe the plaintiff. The District's liability for violation of Plaintiff's constitutional rights will not have arisen by virtue of anything Sproul-Debrosse did or failed to do. Is the District's impleader of Sproul-Debrosse to seek recovery for civil conspiracy permissible?

## BACKGROUND

The plaintiff Kim Marie Sherwood ("Sherwood") sued the Spartanburg County School District One, the chairman of its board of trustees, and the District's superintendent, for violation of her rights protected by the First and Fourteenth Amendments to the United States Constitution. (ECF No. 1.) In her complaint, Sherwood alleges, among others, that the defendants banned her from participating in the District's public meetings in retaliation for her inquiries, which she made at the meetings and through multiple requests for information under the South Carolina Freedom of Information Act. (Compl. ¶ 16–99, ECF No. 1.) Sherwood seeks to vindicate her rights through application of 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 2201, et seq. (Compl. ¶ 9, ECF No. 1), among others.

In response to the lawsuit, the District counterclaimed against Sherwood and impleaded her husband, Keith Sherwood, along with Sproul-Debrosse, alleging—under the heading "*For A Fifteenth Defense and by Way of Counterclaim Against Kim Marie Sherwood and Claim Against Keith Sherwood and Martha Sproul-Debrosse*" of its pleading styled "*Partial Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint*" (Third-Party Compl. at 26–27, ECF No. 16)—that Sherwood, Sproul-Debrosse, and Sherwood's husband conspired to injure the District by "providing false and defamatory information about [it] to the public at-large, including, but not limited to, by and through the Greater Landrum Observer, as well as to the State Department of

Education and other entities to place unwarranted scrutiny on the District." (Third-Party Compl. ¶ 34, ECF No. 16.) And further, that their collusion to injure the District was manifested through their "unduly FOIA requests" and "threatening and harassing conduct toward District personnel." (Third-Party Compl. ¶ 35, ECF No. 16) According to the District, these alleged acts constitute the elements of the tort of civil conspiracy for which the District seeks to recover both compensatory and punitive damages. (Third-Party Compl. ¶ 36, ECF No. 16.)

## LEGAL STANDARD

Under Rule 14(a)(1) of the Federal Rules of Civil Procedure a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable for all or part of the claim against it." However, an impleaded nonparty may "move to strike the third-party claim[.]" Fed. R. Civ. P. 14(a)(4). The determination of whether a defendant properly brought a third party into an action pursuant to Rule 14(a)(1) falls within the sound discretion of the trial judge. *Baltimore & O. R. Co. v. Saunders*, 159 F.2d 481, 483–84 (4th Cir. 1947).

## ARGUMENT

**The District's third-party complaint does not meet the requirement of Rule 14(a)(1).**

Federal civil procedure allows third-party practice exclusively for the purpose of shifting or mitigating the effect of the defendant's liability to the plaintiff. Thus, the impleaded party's liability to the impleading defendant must depend on, or be affected by, the outcome of the plaintiff's principal claims. As the authors of the preeminent hornbook on civil procedure put it, "[i]t is not enough that the impleader claim arises out of the same transaction or occurrence as the plaintiff's claim against the original defendant; it must involve a transfer of liability based on plaintiff's original claim." Jack H. Friedenthal, Mary Kay Kane & Arthur R. Miller, *Civil Procedure* § 6.9 (5th ed. 2015). In other words, a third-party claim

is viable only where a proposed third-party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third-party defendant is derivatively liable and must reimburse me for all or part (one-half, if a joint tortfeasor) of anything I must pay plaintiff.'

*Watergate Landmark v. Wiss, Janey, Elstner Assocs., Inc.,* 117 F.R.D. 576, 578 (E.D. Va. 1987). In short, only derivative-liability claims such as indemnification, subrogation, or contribution can be asserted in a third-party complaint.

Here, the viability of the District's civil-conspiracy claim against Sproul-Debrosse is wholly independent of Sherwood's success in this action. Simply put, a claim of civil conspiracy is not a liability-shifting device. No action on Sproul-Debrosse's part, which the District alleges here, could have exposed it to liability to Sherwood for the violation of her constitutional rights. It is inconceivable how Sproul-Debrosse could be ultimately responsible for the District's banning Sherwood from its public meetings or for its failure to comply with the requirements of the South Carolina Freedom of Information Act. (*see* Compl. ¶¶ 100–109, ECF No. 1.) In fact, the third-party complaint is devoid of any conditional language that would indicate contingent nature of the District's claim against Sproul-Debrosse. The damages the District claims to have suffered by virtue of the alleged conspiracy involving Sprouse-Debrosse are independent of the damages it will have incurred if found liable on Sherwood's claims.

## CONCLUSION

Because it does not allege a claim based on derivative liability as required by Rule 14(a)(1), which states that a third party must "be liable to [the defendant] for all or part of the claim against it[,]" the District's third-party complaint constitutes improper impleader that merits strike pursuant to Rule 14(a)(4) of the Federal Rules of Civil Procedure.

**WHEREFORE,** the third-party defendant Martha Sproul-Debrosse hereby asks this Court to strike the third-party claim of civil conspiracy and to dismiss her from this case.

Respectfully submitted,

*s/Michal Kalwajtys*

_____
John L. McCants, Fed. ID No. 4870
Michal Kalwajtys, Fed. ID No. 11865
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina 29202
(803) 799-9091
jmccants@brblegal.com
mkalwajtys@brblegal.com
*Attorneys for the Third-Party Defendant Martha Sproul-Debrosse*

August 29, 2024
Columbia, South Carolina