IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Kim Sherwood,<br><br>          Plaintiff,<br><br>v.<br><br>Mark Rollins, individually and in his official capacity as Chairman of the Board of Trustees of Spartanburg County School District One; Mark S. Smith, individually and in his official capacity as Superintendent of Spartanburg County School District One; and Spartanburg County School District One,<br><br>          Defendants. | C.A. No. 7:24-cv-3257-TMC |
| Spartanburg County School District One,<br><br>          Counterclaimant and<br>          Third-Party Plaintiff,<br><br>v.<br><br>Kim Marie Sherwood,<br><br>          Counterclaim Defendant,<br><br>and<br><br>Keith Sherwood and Martha Sproul-Debrosse,<br><br>          Third-Party Defendants. | |

### DEFENDANT SPARTANBURG SCHOOL DISTRICT ONE'S MEMORANDUM OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANT MARTHA SPROUL-DEBROSSE'S MOTION TO STRIKE

      Spartanburg County School District One (hereinafter the "District"), by and through its undersigned counsel, submits this Memorandum of Law in Opposition to Third-Party Defendant

1

Martha Sproul-Debrosse's Motion to Strike the District's Thirty-Party claim pursuant to Fed. R. Civ. P. 14(a)(4). [Dkt. 49]. The motion should be denied for the reasons that follow.

## I. STATEMENT OF RELEVANT FACTS

Defendant Spartanburg School District One (hereinafter the "District") is a public school district organized under the laws of the State of South Carolina as a political subdivision of the State of South Carolina as defined under S.C. Code Ann. § 15-78-10, *et seq*. [Dkt. 16, ¶ 2 of Counterclaim]. Thereunder, the District is afforded various protections pursuant to the South Carolina Tort Claims Act ("SCTCA").

In or around 2019, Counterclaim Defendant, Kim Marie Sherwood ("Mrs. Sherwood"), moved to South Carolina after residing in the northeast for many years. [Dkt. 16, ¶ 6 of Counterclaim]. At or around that same time, Mrs. Sherwood became a regular attendee at District Board of Trustee (hereinafter the "Board") meetings. [*Id.*, ¶ 7]. Mrs. Sherwood was also a regular attendee at nearby town council, county council, and other governmental subdivision public meetings. [*Id.*, ¶ 8]. In addition to her attendance at District Board meetings, Mrs. Sherwood submitted frequent and repetitive S.C. Freedom of Information Act ("FOIA") requests to the District; in many instances, these requests were made at the time of, and while she was in attendance, at District Board meetings. [*Id.*, ¶ 9]. From 2019 through 2024, Mrs. Sherwood's FOIA requests constituted over half of the total requests received by the District. To wit:

| Sch. Year | Mrs. Sherwood FOIA | Other FOIA | Total |
|---|---|---|---|
| 19-20 | 11 | 13 | 24 |
| 20-21 | 6 | 8 | 14 |
| 21-22 | 4 | 6 | 10 |
| 22-23 | 22 | 13 | 35 |
| 23-24 | 18 | 10 | 28 |
| 24-25 | 1 (received 7/10/24) | 0 | 1 |
| Total | 62 | 50 | 112 |

[*Id.*, ¶ 10]. These requests did not include the hundreds of email communications and numerous telephone calls to the District by Mrs. Sherwood. [*Id.*, ¶ 25]. Moreover, on or about February 15, 2024, Mrs. Sherwood went so far as to directly contact the District's private financial advisor, Compass Municipal Advisors, seeking District information. [*Id.*, ¶ 26].

In 2022, Mrs. Sherwood established a Facebook page entitled "Greater Landrum Observer,"[1] which was utilized by Mrs. Sherwood and Third-Party Defendants Keith Sherwood ("Mr. Sherwood") and Martha Sproul Debrosse ("Ms. Debrosse") to circulate various governmental subdivision information such as meeting agendas, meeting recordings, and documents received via FOIA, [*Id.*, ¶¶ 11, 13]. At around this same time, Ms. Debrosse became a regular attendee at Board meetings alongside Mrs. Sherwood, submitting duplicative FOIA requests, and otherwise engaging in similar conduct while in attendance. [*Id.*, ¶ 16]. Collectively, these individuals used the page to disseminate information with out-of-context narratives in an

---

[1] On or around the time Sherwood filed her initial action in this matter, it appears that Sherwood disabled this account; however, it was resurrected on or around August 21, 2024.

3

attempt to skew the perception of the District to the public-at-large. [*Id.*, ¶ 14]. Despite the Facebook page title, none of the individuals are engaged in the profession of press, media, and/or media relations. [*Id.*, ¶ 12].

On December 11, 2023, following a District Board Audit Committee meeting and prior to the regularly scheduling District Board meeting, Mrs. Sherwood assaulted a newly elected Board Member, Barbara Hopper ("Hopper"). [*Id.*, ¶ 17]. Notably, Mrs. Sherwood assaulted Hopper in the presence of a District auditor, Mr. Darver ("Darver"), who promptly notified the District Superintendent, Mark S. Smith ("Smith") of what he witnessed. [*Id.*, ¶¶ 18-19]. Hopper notified the City of Campobello Police Department of the assault, and an Incident Report documenting the assault was prepared. [*Id.*, ¶ 20]. On December 13, 2023, the District, by and through legal counsel, placed Mrs. Sherwood on trespass notice on District property and at District events. [*Id.*, ¶ 21]. On December 14, 2023, Mrs. Sherwood signed an Acceptance of Service of both the trespass notice and City of Campobello Police Department Incident Report. [*Id.*, ¶ 22].

On or about February 20, 2024, an Arrest Warrant was issued for Mrs. Sherwood from the Municipality of Campobello, charging her with Assault, 3rd Degree. [*Id.*, ¶ 23]. On March 15, 2024, the District issued Mrs. Sherwood a cease and desist in response to her ongoing conduct. In pertinent part, the correspondence advised:

> However, your longstanding practice of overly-aggressive and disrespectful behavior towards the Board of Trustees, administration and staff of District One through harassing emails, text messages, phone calls, social media posts and personal interactions (including striking a member of the Board of Trustees – which necessitated the issuance of a no-trespass notice banning you from all district properties and events – and publishing untrue comments about district staff_, as well as your attempts to interfere directly with outside persons and entities with which the district engages (including the district's auditor and financial advisor), has prompted this communication.

4

> District One is a small school district with limited staff. Many individuals associated with the district have had to spend an inordinate amount of their time addressing your repeated harsh and inappropriate conduct. Therefore, the Board of Trustees has determined that, if you do not immediately cease and desist the behavior described in this letter, it will be necessary to consider legal remedies through the courts to protect itself and those associated with it from any further harassing, demeaning, defamatory, aggressive, unduly burdensome, overly broad, vague, repetitive or otherwise improper requests and interactions with you.

[*Id.*, ¶ 24; *see also* Dkt. 1-4]. On March 20, 2024, Mrs. Sherwood was arrested by the Campobello Police Department after being asked to step out of a public meeting in Landrum, South Carolina. [*Id.*, ¶ 27]. The District's counterclaims arise from these facts.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 14 governs third-party practice. The determination of whether a defendant properly brought a third party into an action pursuant to Rule 14(a)(1), FRCP, falls within the sound discretion of the trial judge. *Baltimore & O.R. Co. v. Saunders*, 159 F.2d 481, 483-84 (4th Cir. 1947).

## III.     ARGUMENT

Ms. Debrosse argues that the Third-Party Complaint should be dismissed as it purportedly runs afoul of Fed. R. Civ. P. 14(a)(1). While her argument is accurate in limited circumstances, here, it fails to take into account the related counterclaim and the intent behind Rule 14(a), FRCP.

In her memorandum, Ms. Debrosse attempts to argue the black letter of the rule in that a third-party plaintiff may bring an action "where a proposed third-party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third-party defendant is derivatively liable…'" [Dkt. 49, p. 4 (*citing Watergate Landmark v. Wiss, Janey Elstner Assoc., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)]. While the law is well-settled in that concept - that Rule 14 is not to be used as a vehicle for the assertion of an entirely separate and

5

independent cause of action – it ignores the underlying purposes behind Rule 14, FRCP. *Powell, Inc. v. Abney*, 83 F.R.D. 482, 485, 1979 U.S. Dist. LEXIS 9746 (S.D. Texas 1979). Specifically, "Rule 14 is operative where the third-party plaintiff's claim against the third-party defendant is the outgrowth of the same aggregate or core of facts which is determinative of the original claim." *Id*. (citations omitted). This third-party practice is an important concept to "avoid delay and needless multiplicity of actions. *Baltimore*, 159 F.2d at 484. Moreover, "the rule should be liberally construed." *Id; see also Dyke v. Sechrist*, 21 F.R.D. 240, 243, 1957 U.S. Dist. LEXIS 4486 (D. Md. Nov. 25, 1957) (Rule 14 should be liberally applied in order to avoid unnecessary duplication of litigation); *Laughlin v. Dell Fin. Servs., L.P.*, 465 F.Supp.2d 563 (D.S.C. Dec. 1, 2006) (citations omitted).

Courts have further held that Rule 14 may be used for the purpose of bringing third-party actions in cases in which declaratory judgment or injunctions are sought when the common issues in actions are so interrelated that it would be wastefully duplicative to require separate lawsuits. *Phoenix Mut. Life Ins. Co. v. Seafarers Officers & Employees Pension Plan*, 128 F.R.D. 25, 1989 U.S. Dist. LEXIS 11936 (E.D.N.Y. 1989). Here, the District, as Third-Party Plaintiff and Counter-Plaintiff, brought a compulsory counterclaim against the Plaintiff/Counter Defendant Mrs. Sherwood in accordance with Fed. R. Civ. P. 13. Both the FOIA and civil conspiracy claim were compulsory. Moreover, the civil conspiracy claim requires "a combination of two or more persons" be pled as an element. *Paradis v. Charleston Cty Sch. Dist.*, 433 S.C. 562, 574 (2021).

## CONCLUSION

For the reasons set forth above, the District respectfully requests that this Court deny Martha Sproul-Debrosse's Motion to Strike the District's Third-Party Complaint for Civil

6

Conspiracy. In the alternative, under Fed. R. Civ. P. 15(a)(2), the District should be granted leave to amend its pleadings.

*Respectfully submitted:*

By: <u>s/Ryan K. Hicks</u>
Ashley C. Story (SC Bar No. 11505)
Ryan K. Hicks (SC Bar No. 11657)
WHITE & STORY, LLC
3614 Landmark Drive, Suite EF
P.O. Box 7036 (29202)
Columbia, SC 29204
T: 803.814.0993
F: 803. 814.1183
astory@sodacitylaw.com
rhicks@sodacitylaw.com

***Attorneys for Defendants***

September 12, 2024
Columbia, South Carolina

7