# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| Kim Marie Sherwood, <br><br>      Plaintiff, <br><br>vs. <br><br>Mark Rollins, individually and in his official capacity as Chairman of the Board of Trustees of Spartanburg County School District One; Mark S. Smith, individually and in his official capacity as Superintendent of Spartanburg County School District One; and Spartanburg County School District One, <br><br>      Defendants. <br>_____ <br><br>Spartanburg County School District One, <br>      Counterclaimant and <br>      Third-Party Plaintiff, <br><br>v. <br><br>Kim Marie Sherwood, <br>      Counterclaim Defendant, <br>and <br><br>Keith Sherwood and Martha Sproul-Debrosse, <br>      Third-Party Defendants. | C/A No. 7:24-cv-03257-TMC <br><br><br>THE THIRD-PARTY DEFENDANT <br>Martha Sproul-Debrosse's <br>**REPLY** <br>**TO THE THIRD-PARTY PLAINTIFF'S MEMORANDUM IN OPPOSITION** <br>TO MOTION TO STRIKE THE <br>THIRD-PARTY CLAIM |

      The third-party defendant Martha Sproul-Debrosse ("Sproul-Debrosse"), through her undersigned counsel, submits this reply to address the issues raised in the defendant/third-party plaintiff Spartanburg County School District One's (the "District") memorandum in opposition to Sproul-Debrosse's motion under Rule 14(a)(4) of the Federal Rules of Civil Procedure to strike the District's third-party claim.

# ARGUMENT

**Considerations of judicial economy or other policies underlying promulgation of Rule 14 of the Federal Rules of Civil Procedure do not, and cannot, lead to the disregard of the plain meaning of its text.**

Rule 14(a) states that a defendant may implead "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The rule's language encapsules the condition precedent to the defendant's third-party practice: "The third-party claim *must be* 'derivative' of the plaintiff's claim for 'derivative liability is central to the operation of Rule 14.'" *Scott v. PPG Indus. Inc.*, 920 F.2d 927 (4th Cir. 1990) (unpublished) (quoting *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstern Assoc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)). Here, the District did not meet this condition even though its claim of civil conspiracy arguably arises from a set of facts that are related to those that underlie the plaintiff's claims against the District. This is because, "it is not sufficient that the third-party claim is a related claim; *the claim must be derivatively based* on the original plaintiff's claim." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983) (emphasis added).

In its memorandum in opposition, the District seemingly concedes that its civil conspiracy claim is not derivative in nature, and yet it argues that it can pursue it as a third-party claim because of the "the intent behind Rule 14(a), FRCP." ECF No. 60 at 5. It is, however, "the text's meaning, and not the content of anyone's expectations or intentions that binds as law.'" A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 398 (2012) (quoting Professor Lawrence H. Tribe in "Comment," in Antonin Scalia, *A Matter of Interpretation: Federal Courts and the Law* 65 (1997)). And that meaning is clear, "Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987).

2

To support its proposition that lack of derivative liability should not preclude third-party practice, the District cited a decision of the United States District Court for the Southern District of Texas in *Powell, Inc. v. Abney*, 83 F.R.D. 482 (S.D. Tex. 1979). In order to do so, however, the District must have failed to notice that this case involved a third-party claim that derived from the plaintiff's claim against the impleading party.

The dispute in *Powell* stemmed from a set of related sales of an industrial metal—tantalum, which turned out to be fraudulently obtained by one of the parties in the chain of transactions. *Powell*, 83 F.R.D. at 484. The plaintiff, a metal-trading company, Powell, Inc., sued its supplier Fairmont Metals, Inc., and its owners, James and Virginia Abney, for breach of contract, alleging that as a result of the notification it had received from FBI—that the tantalum Fairmont supplied might have defective title—"Powell's customers were unable to dispose of the materials originally supplied by the Defendants and that their customers were holding Powell responsible for any damage that they might incur." *Id.* Powell asked the court for imposition of "constructive trust on the $168,000.00 that it had paid Abney on account for the metal and additionally demanded indemnity for any damages for which it might ultimately be held responsible." *Id.*

While the Powell case was pending, conclusion of a related litigation allowed James Abney to claim good title to the merchandise in question, which Abney had originally sourced from a company called Union Carbide Corp. Abney, now claiming to be the rightful owner of the goods at the time of the transaction with Powell, amended his answer to Powell's complaint and asserted a counterclaim, seeking payment of "approximately $82,000.00, which he claimed was the balance owing on the original purchase by Powell." *Id.* at 485. Powell, in turn, filed "a third-party complaint against Union Carbide, sounding essentially in fraud, alleging that, if Mr. Abney's claim as to ownership is correct, then Union Carbide fraudulently misrepresented the true state of facts

concerning title to the goods and that Powell detrimentally relied on this representation." *Id.* Union Carbide moved for dismissal of the third-party complaint arguing that "Powell is seeking to assert a separate and independent cause of action under the guise of an impleader action." *Id.*

The court scrutinized the nature of Powell's cause of action against Union Carbide and determined that it bore markers of a derivative liability claim: In his counterclaim, Abney

> asserts that Powell is liable to him because he was the owner of the goods at the pertinent times. . . . Powell, in turn, claims that it paid money to Union Carbide as a result of a claim made against it by Union Carbide based on the allegation that Union Carbide was actually the owner of the goods . . . . Powell, therefore, claims that it was defrauded by Union Carbide and that if indeed Abney can establish that he has title to the goods, then Powell, in effect, *claims contribution over from Union Carbide* to the extent that it paid the [Union Carbide] for those same goods.

*Id.* at 486 (emphasis added). Thus, the impleader was proper because, consistent with the language of Rule 14(a), Union Carbide could be liable to Powell "for all or part of the claim" Abney asserted against Powell. In other words, Powell became a conduit through which Abney's claims were channeled to reach Union Carbide, the party that could be ultimately liable for the payment of the $82,000 Powell owed Abney.

While it considered the policy that underlies Rule 14, namely promotion of "judicial economy by eliminating circuity of action[,]" which in turn commands liberal construction of the rule, the *Powell* court found the determination of whether there was "possibility that the proof will establish the *ultimate liability* of the third-party defendant[]" to be dispositive. *Id.* at 485. (emphasis added). It held that since either Abney or Union Carbide held title to the goods, then the ultimate liability necessarily rested upon one of them. *Id.* at 486. Because Union Carbide "may be liable" to Powell for all or part of Abney's $83,000 counterclaim, the impleader was proper and the motion had to be denied. *See id.*

Here, unlike Union Carbide in *Powell*, Sproul-Debrosse under no circumstance could be ultimately liable for any part of any of the claims Mrs. Sherwood asserted against the District.

## CONCLUSION

For the foregoing reasons, the third-party defendant Martha Sproul-Debrosse asks this Court to strike the District's third-party claim of civil conspiracy as improper impleader under Rule 14(a) of the Federal Rules of Civil Procedure and to dismiss her from this case.

Respectfully submitted,

*s/Michal Kalwajtys*
_____
John L. McCants, Fed. ID No. 4870
Michal Kalwajtys, Fed. ID No. 11865
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina 29202
(803) 799-9091
jmccants@brblegal.com
mkalwajtys@brblegal.com
*Attorneys for the Third-Party Defendant Martha Sproul-Debrosse*

September 19, 2024
Columbia, South Carolina